IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* )<br>TAYLOR SMITH, JEANNINE PREWITT, )<br>and JAMES AILES, )<br>                                                                  )<br>                              Plaintiffs-Relators,          )<br>                                                                  )<br>v.                                                              )<br>                                                                  )<br>THE BOEING COMPANY                          )<br>and DUCOMMUN, INC.,                              )<br>f/k/a AHF-Ducommun,                                )<br>                                                                  )<br>                              Defendants.                    )<br>_____) | Civ. Action No. 05-1073-WEB |

### **Memorandum and Order**

The Plaintiffs-Relators -- Taylor Smith, Jeannine Prewitt and James Ailes -- brought this qui tam action against the Boeing Company and one of Boeing's subcontractors, Ducommun, Inc., alleging that the defendants violated the False Claims Act by presenting false claims for payment to the U.S. Government. *See* 31 U.S.C. § 3730(b). They also claim Boeing's actions violated Kansas public policy. Specifically, the Amended Complaint alleges that defects in the manufacturing and quality control operations at Ducommun resulted in the delivery to Boeing of bogus or unapproved aircraft parts, and that after the Relators and others brought these facts to Boeing's attention, Boeing concealed the information and submitted false claims for payment relating to aircraft and parts delivered to the Government. The Relators further allege they were retaliated against after they reported the information to Boeing management. The defendants deny the allegations.

I. *Motion for Preservation Order*.

The matter is now before the court on the Relators' motion for a "preservation order" directing Boeing to preserve documents, physical evidence, and electronic (computer-based) evidence for discovery and trial.[1] The court has reviewed the parties' ample briefing of the issue, including Relators' initial motion, Boeing's response, Relators' reply, Boeing's surreply, Relators' surrebuttal, and Boeing's supplemental declaration. The court also heard oral arguments from the parties on August 29, 2005.

In brief, Relators contend there is evidence that Boeing has attempted to "sweep evidence under the rug," citing alleged examples of tampering, including: an alleged deletion or alteration of a supplier evaluation report (SER) from Boeing's computer system (the Cerchio report); concealing from the Government the lack of data concerning bogus parts and the use by Ducommun of two sets of books; and an incident in which former Boeing employee Terry Haas alleges that a supervisor asked him "if we could lose" a particular letter relating to Boeing's audit of Ducommun. Plaintiffs also argue there are special concerns justifying an order in light of the recent sale of Boeing facilities to ONEX, and they say Boeing has made no showing that it took steps to preserve material evidence in connection with the sale. In sum, Relators argue that courts will issue preservation orders when there is a genuine concern that a party may (or has) destroyed documents, and they contend Boeing's past conduct justifies such an order.

---

[1] The motion for a preservation order was filed by Relators on June 24, 2005. On August 4, 2005, the court approved an agreed order consolidating discovery in the instant case with a related case pending before Judge Marten, *Prewitt v. The Boeing Company*, No. 04-1294-JTM. Pursuant to that order, all discovery-related matters were to be assigned to Judge Marten, while all other matters were to be handled by the Judge assigned to the particular case in which the matter was filed. Because the Relators' motion for preservation order preceded the order of consolidation and appeared to relate primarily to the instant case, the court determined that the motion should be decided in connection with the instant case.

In response, Boeing says it has already acted to preserve the evidence relevant to the lawsuit. It points out that ONEX is not a party to the suit and that the order sought by plaintiffs would have no effect on that company, although it adds that it has been advised ONEX has taken appropriate steps to preserve evidence. Boeing challenges the alleged examples of evidence tampering cited by plaintiffs. It provides an affidavit of Mr. Cerchio stating that he was never asked to delete a report, that he did not have the ability to do so, and that the report in question was printed directly from Boeing's system. It says that the letter which a Boeing supervisor supposedly told Mr. Haas to "lose" was preserved and included in the document freeze which Boeing put in place in connection with this suit, and it also provides an affidavit challenging the alleged statement by the supervisor. Boeing argues that the other two alleges examples are in fact allegations that Ducommun, not Boeing, failed to maintain proper manufacturing data.

II. *Discussion*.

The Federal Rules of Evidence require the parties to take steps to preserve relevant evidence, including electronic and physical evidence. Thus, a specific order from the court directing one or both parties to preserve evidence is not ordinarily required. The courts have inherent power, however, to make such an order when necessary. *See Pueblo of Laguna v. United States*, 60 Fed.Cl. 133, 135 (Fed.Cl. 2004). In such cases, the courts will be guided by the principles of equity, including consideration of the following factors: *First*, how much of a concern there is for the maintenance and integrity of the evidence in the absence of an order; *Second*, any irreparable harm likely to result absent a specific order directing preservation; and *Third*, the capability of the party to maintain the evidence sought to be preserved. *See Capricorn Power Co., Inc. v. Siemens Westinghouse Power Co.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004).

3

Boeing has cited evidence that within days of being notified of this lawsuit, it took appropriate steps to preserve relevant evidence. It clearly has the capability to preserve the evidence in question. No showing has been made of a significant threat that documents will be lost or destroyed absent an immediate order. The court is not persuaded that a Preservation Order is appropriate or that it would serve any useful purpose in light of the parties' existing legal obligations to preserve relevant evidence. As Boeing points out, all of the documents to which Relators refer, many of which date back several years or more, have in fact been preserved for the litigation.

This court issued an Initial Order Regarding Planning and Scheduling on August 17, 2005. Doc. 45. That order noted that Judge Marten would conduct a joint scheduling conference in this case, and it pointed out that the parties have a duty under Rule 26(f) to meet and develop a discovery plan, including arrangements for electronic discovery in accordance with this court's Electronic Discovery Guidelines. The court concludes that the regular procedures for discovery are sufficient and appropriate here.

III. *Conclusion*.

Plaintiffs' Motion for Leave to file Surrebuttal (Doc. 52) and Defendant Boeing's Motion for Leave to file Supplemental Declaration (Doc. 53) are GRANTED. Defendant Boeing's Motion to Strike (Doc. 51) is DENIED.

Plaintiffs Motion for Order Directing Preservation of Evidence (Doc. 18) is DENIED.

IT IS SO ORDERED this 31st Day of August, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge