IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel TAYLOR SMITH, JEANNINE PREWITT, and JAMES AILES,   Plaintiffs and Relators, vs. THE BOEING COMPANY and DUCOMMUN, INC., f/k/a AHF-Ducommun,   Defendants. AND JEANNINE L. PREWITT,   Plaintiff, vs. THE BOEING COMPANY,   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-1073-WEB Civil Action No. 04-1294- JTM |

**RELATORS' MEMORANDUM OF LAW IN OPPOSITION TO
THE BOEING COMPANY'S MOTION FOR A PROTECTIVE ORDER**

Plaintiffs/Relators by and through their undersigned attorneys, hereby submit this Memorandum of Law in Opposition to The Boeing Company's Motion for Protective Order.

### I. INTRODUCTION

As Defendant The Boeing Company indicates in the Memorandum in Support of its Motion for Protective Order, the parties have successfully negotiated nearly all provisions of a

protective order. The remaining issue designating the documents that are covered by the protective order. Relators and Defendants disagree on the legal standard that applies to this issue.

The issue arises in the context of a proposed protective order that specifically identifies only two categories of documents entitled to protection under the order, but allows for more as yet unidentified documents to be designated confidential beyond these two categories. The two categories specifically identified by the protective order are: (1) "any employment, personal, financial, social security identifications;" and (2) "medical information related to employees or former employees." (Paragraph 3, Exhibit A attached to Boeing's Memorandum)  Beyond these two specific categories of documents, a producing party may designate other documents confidential with discretion. The question here is how much discretion the producing party should have.

It is Relators' position that caselaw in this District is clear when it comes to the question of what it takes to establish good cause to support a protective order entered at the outset of discovery. Even in cases where the protective order identifies specific documents or types of documents to be protected, a party seeking a protective order must still demonstrate that disclosure of these documents would cause a clearly defined and very serious injury. The standard should not be any less where, as here, the producing party will have discretion to designate as confidential documents that are not even specifically identified by the protective order.

Boeing argues that Defendants should be allowed to designate any document as confidential if Defendants believe there "might be harm" attending disclosure. Applying this

standard, where the documents to be protected are not identified, would effectively give Defendants *carte blanche* to designate any documents confidential. This approach does not comply with the good cause standard for entry of a protective order.

## II. THE STANDARD FOR DETERMINING WHETHER GOOD CAUSE EXISTS FOR ENTRY OF A PROTECTIVE ORDER

It is well established in this District that the scope of a protective order should not be too vague or overbroad. The District's Guidelines for Agreed Protective Orders states:

> The protective order must be narrowly tailored and not overbroad. It should include a sufficiently narrow identification of the categories of documents, information, items or materials (which may include electronically created or stored information) that are subject to the protective order. Some examples are medical records, personnel files, and tax returns. Language such as "this protective order shall apply to all documents the party designates as confidential" or "this protective order shall apply to all business records" would be deemed too vague and overbroad. The protective order should clearly reflect that its provisions only apply to the named categories of documents, information, items or materials specifically set forth in the protective order.

It is also well recognized that, in determining whether good cause exists for a protective order that prohibits the dissemination of documents obtained in discovery, the moving party must show that the disclosure of the information would result in a clearly defined and very serious injury. *See e.g. Flom v. Tharaldson Property Management*, 2003 U.S. Dist. LEXIS 25737, p. 4 (D. Kan., August 29, 2003); *Horizon Holdings v. Genmar Holdings*, 209 F.R.D. 208 (D. Kan. 2002); *Reed v. Nellcor Puritan Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000); *Williams v. Board of County Commissioners*, 2000 U.S. Dist. LEXIS 1311, p. 2 (D. Kan., January 21,

2000); *Dahdal v. Thorn Americas, Inc.*, 1997 U.S. Dist. LEXIS 14792, p. 4 (D. Kan., September 15, 1997); *Zapata v. IPB, Inc.*, 160 F.R.D. 625 (D. Kan. 1995).

Relators provided Boeing with the *Williams* and *Dahdal* decisions. In its Memorandum, Boeing does not cite to either decision. Rather, Boeing dismisses decisions addressing the good cause standard for a protective order by derogatorily suggesting that the Courts have simply "latched onto" an improper standard adopted in earlier cases where First Amendment issues were involved. (Boeing's Memorandum, p. 9.) Relators submit that the above decisions addressing the good cause standard for a protective order state the law and the appropriate standard in this District. The courts did not address First Amendment issues in any of these cases.

### III. RELATORS' PROPOSED LANGUAGE INCORPORATES THE GOOD CAUSE STANDARD

In this case, the parties agree that employment, personal, financial, and social security identifications, and employee medical information, are categories of documents entitled to protection. In addition, to facilitate discovery in this case, Relators have been willing to agree to a protective order that allows for other as yet unidentified documents to be designated confidential as long as Defendants agree to adhere to the good cause standard. Relators' proposed language sets forth the good cause standard in paragraph three (3) of the proposed protective order:

> The parties recognize that certain documents containing trade secrets or other confidential research, development or commercial information, as contemplated by Fed. R. Civ. P. 26(c)(7), may be designated "Confidential." Before designating a document "Confidential," the Producing Party shall make a good faith determination that the document, in fact, contains a trade secret or

other confidential research, development, or commercial information, the disclosure of which would result in clearly defined and very serious injury to the Producing Party.

### IV. DEFENDANTS' DISCRETION TO DESIGNATE DOCUMENTS CONFIDENTIAL IS PROPERLY LIMITED BY THE GOOD CAUSE STANDARD

On page 2 of its Memorandum, Boeing incorrectly states: "Given the confidential non-public and commercially sensitive nature of many of the documents likely to be involved in discovery in this case, the parties have agreed that a protective order is warranted and necessary in order to proceed with discovery." Relators do not agree that such a generalized description of documents as "confidential non-public and commercially sensitive" information warrants entry of a protective order. It is clear that the good cause standard in this District cannot be satisfied by such conclusory statements of potential injury. *See e.g. Williams v. Board of County Commissioners*, 2000 U.S. Dist. LEXIS 1311, p. 2 (D. Kan., January 21, 2000) (moving party must also make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)); *Dahdal v. Thorne Americas, Inc.*, 1997 U.S. Dist. LEXIS 14792, p. 4 (D. Kan., September 15, 1997) (movant must do more than simply state that such documents are proprietary and confidential). *See also The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality and Public Access in Civil Cases (March 2007)*, at p. 2 ("Case law has also given great weight to the private interest in protecting bona fide trade secrets and confidential proprietary information, such as marketing plans, employee training manuals, computer source code, and customer lists. Less weight has been given to unsupported claims of confidentiality for broadly designated business information.")

Relators are able to agree to a protective order that does not specifically identify all protected documents in order to proceed with discovery. However, the safeguards of the good cause standard, as they relate to the likelihood of harm from disclosure, thereby become all the more necessary to prevent abuse and unnecessary disputes over confidentiality designations. Before designating documents confidential, Defendants must make an initial determination that disclosure of the document would result in clearly defined and very serious injury. Any less rigorous standard would not satisfy good cause for the Rule 26(c) protective order. On page 4 of its Memorandum, Boeing argues that initial identification of a document as "Confidential" is only the first step in the process. Boeing argues that under the proposed protective order, Relators can always challenge Defendants' designations of confidentiality. This argument sidesteps the requirements of the good cause standard. Moreover, it ignores the fact that unnecessary designations of confidentiality burden, complicate and protract the litigation. Objections to unnecessary confidentiality designations are costly and time-consuming and the proposed protective order contains time-consuming provisions for handling, storage, copying, etc. of documents marked confidential.

In a footnote on page 5 of its Memorandum, Boeing accuses Relators of violating proprietary information and invention agreements because of disclosure of some quality control documents. Boeing's publicity scare tactics should not be credited by the Court. Various quality control documents have already been disclosed in the public record by all parties including Boeing through briefing in this case on the issue of preservation of electronic data. Moreover, Boeing has not made a case that disclosure of quality control documents, including the Ducommun tooling audits at the heart of this case, would cause competitive injury. The

Declaration of Thomas J. Ginthner, attached to Boeing's Memorandum as Exhibit D, offers only stereotypical and conclusory statements that Boeing "could be harmed" by disclosure of supplier audit reports. For example, Mr. Ginthner states that Defendant could be harmed if someone were to take what an audit document says out of context. (See Exhibit D to Boeing's Memorandum, ¶ 9.)

It should be noted that Boeing argues, on page 4 of its Memorandum, that it does not even claim that every quality control or audit document is confidential and should be designated as such. Boeing wants the discretion to decide which documents to designate confidential, based on a conclusory standard that disclosure could or might be harmful. Defendants must be held to a concrete standard, and be in a position to show that disclosure of documents designated confidential would cause a clearly defined and very serious injury.

### V.   BOEING'S "MIGHT BE HARMED" TEST IS NOT THE APPROPRIATE LEGAL STANDARD

The cases cited by Boeing as support for its "might be harmed" test typically involve motions to compel discovery of specific information and documents. At the time this standard is applied, the specific discovery at issue is clearly identified (*i.e.*, specifically identified documents involving trade secrets). Moreover, the test in these cases requires the party resisting discovery to <u>demonstrate</u> how the disclosure of this specific discovery would be harmful.

In these cases, the courts examine the relevance of specific discovery at issue and balance "the need for the trade secrets against the claim of injury resulting from disclosure." *Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325 (10th Civ. 1981). For example, *Centurion* involved an order compelling the production of trade secret software

-7-

information allegedly relevant to a patent infringement case. *See also*, *Hutchinson v. Pfeil*, No. 98-5043, 201 F.3d 448, 1999 WL 1015557 (10th Cir. Nov. 9, 1999) (unpublished) (involved an order denying a motion to lift a protective order restricting the use and dissemination of proprietary scholarship and research); *MGP Ingredients v. Mars*, 207 U.S. Dist. LEXIS 30969 (D. Kan., April 23, 2007) (defendant did not meet burden of proving competitive harm would result from plaintiff's disclosure of trade secrets to in-house scientists and outside consultants); *United States Fire Insurance Co. v. Bunger North America, Inc.*, 207 U.S. Dist. LEXIS 38754 (D. Kan., May 25, 2007) (insurers' claims handling materials relevant and discoverable); *In re Ind. Serv. Org. Antitrust Lit.*, 162 F.R.D. 365 (D. Kan. 1995) (motion to compel identities of parts sources, regarded as trade secrets, denied as it was demonstrated that even inadvertent disclosure in violation of a protective order could put the company out of business); *Snowden by and through Victor v. Connaugh Labs, Inc.*, 136 F.R.D. 694 (D. Kan. 1991) (although disclosure of trade secrets research would be very harmful to defendants, plaintiffs established that the research information was relevant and that the harm of disclosure did not outweigh the need for the information).

### VI. BOEING'S CATEGORIES OF POTENTIALLY CONFIDENTIAL DOCUMENTS

There is a practical problem with listing categories of documents that <u>might</u> contain protected information. Relators do not believe this is what the District's Guidelines for Agreed Protective Orders contemplates when it instructs that a protective order must be narrowly tailored and not overbroad. Nevertheless, reference to categories that might contain protected documents is not unworkable as long as the protective order incorporates the Rule 26 good cause

standard requiring that disclosure would result in a clearly defined and very serious injury. Without this standard, and with only vague and overbroad references to possibly protected documents, there is no good cause for entry of a protective order.

## VII.   CONCLUSION

Relators respectfully request that the Court deny Boeing's Motion for Protective Order and adopt the language of Relators' proposed paragraph 3 of the Protective Order, as the required appropriate and practical standard.  As an alternative, Relators propose that, for paragraph 3 of the proposed Protective Order, the Court adopt Relators proposed language, and adopt Boeing's proposed language referring to categories of documents.

Respectfully submitted,

s/ Terry L. Unruh
Corlin J. Pratt, Bar No. 12213
Terry L. Unruh, Bar No. 10084
SHERWOOD, HARPER, DAKAN,
   UNRUH & PRATT, LC
833 N. Waco, Suite 100
P.O. Box 830
Wichita, KS 67201-0830
Telephone:  316-267-1281
Facsimile:   316-267-4086
E-Mail:  terry.unruh@swbell.net
E-Mail:  corlin.pratt@swbell.net

William J. Skepnek, Bar No. 10149
SKEPNEK FAGAN MEYER & DAVIS, P.A.
900 Massachusetts, Suite 601
Lawrence, KS 66044
Telephone: 785-331-0300
Fax: 785-331-0303
E-Mail: bskepnek@sunflower.com

Michael R. Grimm, Illinois Bar No. 01062220
Dean S. Rauchwerger, Illinois Bar No. 618973
James F. Smith, Illinois Bar No. 6202259
CLAUSEN MILLER
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone: 312-855-1010
Fax:  312-606-7777
E-Mail:  mgrimm@clausen.com
E-Mail:  drauchwerger@clausen.com
E-Mail:  jsmith@clausen.com

*Attorneys for Plaintiffs and Relators*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Richard L. Schodorf, James M. Armstrong, Jeffery A. Jordan, Ron L. Campbell, Mark R. Troy, Richard B. Oliver, and Steve Y. Koh.**

I further certify that I e-mailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participants: **None.**

s/ Terry L. Unruh
Corlin J. Pratt, Bar No. 12213
Terry L. Unruh, Bar No. 10084
SHERWOOD, HARPER, DAKAN,
  UNRUH & PRATT, LC
833 N. Waco, Suite 100
P.O. Box 830
Wichita, KS 67201-0830
Telephone:  316-267-1281
Facsimile:   316-267-4086
E-Mail:  corlin.pratt@swbell.net
E-Mail:  terry.unruh@swbell.net

William J. Skepnek, Bar No. 10149
SKEPNEK FAGAN MEYER & DAVIS, P.A.
900 Massachusetts, Suite 601
Lawrence, KS 66044
Telephone: 785-331-0300
Fax: 785-331-0303
E-Mail: bskepnek@sunflower.com

-10-

        Michael R. Grimm, Illinois Bar No. 01062220
        Dean S. Rauchwerger, Illinois Bar No. 618973
        James F. Smith, Illinois Bar No. 6202259
        CLAUSEN MILLER
        10 South LaSalle Street
        Chicago, Illinois 60603-1098
        Telephone: 312-855-1010
        Fax:  312-606-7777
        E-Mail:  mgrimm@clausen.com
        E-Mail:  drauchwerger@clausen.com
        E-Mail:  jsmith@clausen.com

        *Attorneys for Plaintiffs and Relators*

S:\P\Prewitt\Pleadings\Rule 26 & Protective Order\Briefs\11-20-07 Protective Order Response Brief.wpd