**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel )<br>TAYLOR SMITH, JEANNINE PREWITT, )<br>and JAMES AILES, )<br>        )<br>    **Plaintiffs and Relators,** )<br>        )<br>v.        ) <br>        )<br>THE BOEING COMPANY and )<br>DUCOMMUN, INC., )<br>f/k/a AHF-DUCOMMUN, )<br>        )<br>    **Defendants.** )<br>_____)<br>        )<br>JEANNINE PREWITT, )<br>        )<br>    **Plaintiff,** )<br>        )<br>v.        )<br>        )<br>THE BOEING COMPANY, )<br>        )<br>    **Defendant.** )<br>_____) | Case No. 05-1073-WEB<br><br><br><br><br><br><br><br><br><br>Case No. 04-1294-WEB |

**MEMORANDUM AND ORDER**

This matter is before the court on Relators' motion to compel Ducommun to fully respond to Relators' discovery requests (Doc. 162). Ducommun opposes the motion. For the reasons set forth below, Relators' motion shall be **GRANTED.**

**Background**

This is a qui tam action against Boeing and Ducommun.[1] Relators are or were Boeing employees assigned to investigate the manufacturing activities of Ducommun, a Boeing component part supplier. Highly summarized, Relators allege that they discovered serious defects in the manufacturing and quality control functions at Ducommun. Relators contend that these defects resulted in the delivery, over a period of years, of unapproved or bogus and/or nonconforming parts by Ducommun to Boeing. These unapproved parts were subsequently installed by Boeing in aircraft sold to the United States government. Relators seek to recover, on behalf of the United States and themselves, damages, civil penalties and other relief based on defendants' submission of false payment claims to the United States in violation of the Civil False Claims Act, 31 U.S.C. 3729, *et seq.* Relators also seek damages from Boeing for violations of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h).

**Relators' Motion to Compel**

Relators compiled a list of *all* of the fuselage parts that Ducommun made for Boeing during the relevant period of time ("Exhibit A," filed under seal) and submitted interrogatories and production requests to Ducommun concerning those parts. Ducommun objects, arguing that "Exhibit A" is overly broad and an unwarranted "fishing expedition."

---

[1] Jeannine Prewitt's employment discrimination claims against Boeing (Case No. 04-1294) have been consolidated with this case.

As explained in greater detail below, Ducommun's arguments are not persuasive.

As noted above, the theme of Relators' qui tam action is that Ducommun manufactured and sold "nonconforming" or "unapproved" aircraft parts to Boeing which were installed on various planes and that false vouchers were ultimately submitted to the United States of America for payment. Discovery showing that Ducommun manufactured parts in violation of Boeing's contract specifications is relevant to Relators' contention that nonconforming parts were sold to Boeing.

Ducommun argues that Exhibit A is overly broad because it does not match the parts listed in Relators' amended complaint (Doc. 70, paragraphs 28-29).[2] Paragraph 28 of the amended complaint contains a generic description of the parts (e.g., Bear straps, Chords, Fail-safe chords) while Exhibit A contains a more detailed description of the parts (e.g., a Fail-safe chord with a specific part number, nomenclature and location in the plane). Ducommun's suggestion that Relators' discovery requests are overly broad because Exhibit

---

[2] Ducommun argues that Exhibit A is "unauthenticated." However, Ducommun provides no legal support for its suggestion that a "list" must be "authenticated" before discovery proceeds.

A contains a more precise description defies logic and is rejected.[3]

Ducommun also argues that Relators' request for discovery related to Exhibit A "constitutes an abuse of the discovery process." However, Ducommun presents no evidence that compliance with Relators' discovery requests would be unduly burdensome.[4] Accordingly, Ducommun's argument that the discovery requests are "abusive" is rejected. Because the requested discovery is relevant and Ducommun's arguments for refusing to provide discovery are rejected, the motion to compel shall be granted.[5]

**IT IS THEREFORE ORDERED** that Relators' motion to compel **(Doc. 162)** is **GRANTED.** Ducommun shall answer the interrogatories and production requests,

---

[3] The reasoning behind Ducommun's argument is not entirely clear. However, if the discrepancy between the generic list of 20 parts in the complaint and Exhibit A were material, the court would grant leave to amend Relators' complaint to describe the parts in greater detail.

Ducommun also argues that there is a discrepancy between the number of parts listed in Exhibit A and the parts mentioned in Boeing's August 24, 2000 audit summary report. However, there is no dispute that the parts listed on Exhibit A are parts that Ducommun manufactured for Boeing during the relevant period of time.

[4] At best, Ducommun suggests that Relators "had no foundation at the outset of this action on which to base any claims against Ducommun" and only recently made vague accusations of wrongdoing against Ducommun. Doc. 169, pages 5-6. This argument seems to challenge the sufficiency of Relators' amended complaint. However, Judge Brown found the allegations in that complaint sufficient and denied Ducommun's motion to dismiss. Memorandum and Order, Doc. 85.

[5] This ruling is limited to the arguments asserted by Ducommun.

consistent with the rulings herein, by **June 27, 2008.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of June 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge