# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel TAYLOR SMITH, JEANNINE PREWITT, and JAMES AILES, <br><br>   Plaintiffs and Relators, <br><br> v. <br><br> THE BOEING COMPANY and DUCOMMUN, INC., f/k/a AHF-DUCOMMUN, <br><br>   Defendants. | Case No. 05-1073-WEB |
| JEANNINE PREWITT, <br><br>   Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br>   Defendant. | Case No. 04-1294-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on Boeing's motion to compel answers to interrogatories and the production of documents (Doc. 142). Relators oppose the motion. For the reasons set forth below, Boeing's motion shall be GRANTED IN PART and DENIED IN PART.

**Background**

Highly summarized, this is a qui tam action against Boeing and Ducommun.[1] Relators are current or former Boeing employees assigned to investigate the manufacturing activities of Ducommun, a supplier of component parts to Boeing. They contend that flaws in Ducommun's manufacturing and quality control processes resulted in unapproved and/or nonconforming parts being delivered to Boeing. These unapproved parts were subsequently installed by Boeing in aircraft sold to the United States of America. Relators seek to recover, on behalf of the United States and themselves, damages, civil penalties and other relief based on defendants' submission of false payment claims to the United States in violation of the False Claims Act, 31 U.S.C. 3729, *et seq.* Relators also seek damages from Boeing for violations of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h).

**Boeing's Motion to Compel**

Boeing's position in this litigation is that Relators have no evidence that defective parts were installed on the government's aircraft during the relevant time period. In connection with this defense, Boeing served Relators with its first set of interrogatories and first set of production requests. Relators responded, in part, and objected to certain discovery requests. Boeing moves to compel Relators to (1) produce documents requested by Production Request Nos. 13 and 15 and (2) fully respond to Interrogatories No. 1, 4, 5, 7, 10,

---

[1] Jeannine Prewitt's employment discrimination claims against Boeing (Case No. 04-1294) have been consolidated with this case.

17, 20, 22, and 23. The production requests and interrogatories are discussed in greater detail below.[2]

## Production Requests

On April 17, 2006, the Washington Post published an article describing this lawsuit in detail and Relators' allegations of the misconduct by Boeing and Ducommun. (Florence Graves & Sara Kehaulani Goo, Boeing Parts and Rules Bent, Whistle-Blowers Say, The Washington Post, April 17, 2006). The article chronicles Relators' efforts from 2000 through 2003 to "blow-the-whistle" by sending documents and reports to the Federal Aviation Administration, the Pentagon, and the Department of Justice concerning Ducommun and Boeing's manufacturing practices. The Department of Justice declined in 2003 to pursue the False Claims Act litigation and the FAA closed its administrative investigation in 2004. However, the 2006 article also described recent developments, including the following discussion of the FAA's more recent investigation and aircraft safety:

> Safety Questions
>
> Last year, the FAA reopened the case. The Agency had received new reports about the parts from two FAA-certified experts hired by the whistle-blowers' lawyers.
>
> The lawyers had provided four experts with the court documents

---

[2] Relators' suggestion that Boeing failed to "meet and confer" concerning the disputed discovery requests is without merit and summarily rejected. The chronology *submitted by Relators* reveals that Relators and Boeing exchanged at least eight letters or emails concerning the disputed discovery requests.

> and Boeing quality control reports from 1999 and 2000. All four experts, who are certified by the FAA to make decisions about aircraft engineering or airworthiness on behalf of the agency, and one additional expert hired by The Post to review the same documents, said they believed that practices at Ducommun and Boeing were seriously flawed.
>
> ***One of the whistle-blowers' experts wrote in his report*** that the documents "demonstrate systematic manufacturing control and quality problems" and that "from an engineering standpoint the safety of each Ducommun part has to be doubted." The expert said he could not judge how the parts might affect the jets' airworthiness.
>
> His comments were consistent with those of ***all the whistle-blowers' experts, whose reports were supplied to The Post on the condition that the authors not be named before a trial.*** (Emphasis added).

In an effort to discover Relators' evidence of defective and/or unsafe parts, Boeing served plaintiffs with the following production requests:

> **Request for Production No. 13:** All documents that you provided to any person or entity engaged in journalism, whether newspaper, magazine, website, radio or television, referring or relating to any matter alleged in the Complaint.
>
> **Request for Production No. 15:** All documents provided by any expert or consultant retained or consulted by you in this matter, including any reports, to any person or entity engaged in journalism, including the Washington Post, Mother Jones, Sky News, or Dan Rather Reports.

Relators objected to production based on (1) relevance, (2) opinion work product, (3) the attorney-client privilege, (4) a "joint investigative/prosecution privilege," and (5) "common interest doctrine." With respect to Request No. 15, Relators also represented that responsive

documents, to the extent any exist, would be made available after plaintiffs designate their testifying experts.

As noted above, Boeing moves to compel. In response, Relators assert a number of arguments. First, Relators contend that Boeing has failed to show that the information requested is relevant. This argument is without merit and borders on bad faith. Unless otherwise limited by court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Because Relators' claims are based on the theory that Boeing installed unapproved and unsafe parts on government airplanes, the information requested is clearly relevant.

Next, Relators assert a "journalist's privilege."[3] The issue is easily resolved because Relators did not assert a journalist's privilege in their original objections to the production request; thus, the objection is waived. See, e.g., Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295 (D. Kan. 1996)(a party's failure to assert a timely objection to a request for production results in a waiver of the objection). Equally important, to the extent a journalist's privilege exists under the federal rules of evidence, Relators fail to cite any legal

---

[3] Relators asserted a "joint investigation/prosecution privilege" and "common interest doctrine" in their initial response to Production Request No. 15 but failed to argue the objections in their response brief. Accordingly, the two objections are waived.

authority that the privilege protects factual information *in Relators' possession*. The party seeking to assert a privilege or protection must make a clear showing that it applies. Barclaysamerican Corp. v. Kane, 746 F. 2d 653, 656 (10th Cir. 1984). Because Relators fail to carry their burden of establishing the applicability of the privilege, the assertion of a journalist's privilege fails.

Relators also argue that Boeing's requests are premature because they have not yet designated their testifying experts; therefore, the materials are protected by Fed. R. Civ. P. 26(b)(3) and 26(b)(4)(B). However, Relators' contention that the information is protected from discovery by the work product doctrine under Fed. R. Civ. P. 26(b)(3) is not persuasive. Assuming that the materials once qualified for protection under the work product doctrine, the privilege was waived when Relators voluntarily disclosed the information to third parties for public dissemination. See In re Qwest Communications International, Inc., 450 F.3d 1179 (10th Cir. 2006)(selective disclosure of privileged materials rejected, disclosure of work product waives privilege).

Relators' assertion that the information is protected by the "retained-but-not-testifying-expert" exception from discovery under Fed. R. Civ. P. 26(b)(4)(B) is similarly rejected based on Relators' voluntary disclosure of their experts' opinions. Moreover, Relators have not carried their burden of establishing that these experts *are not expected to be called as witnesses at trial*, a prerequisite under Rule 26(b)(4)(B). At best, Relators argue that they *have not decided* whether the experts will testify at trial. This case was filed on March 11, 2005 and the expert reports in issue were provided to the Washington Post for an

April 17, 2006 article. Given the passage of time, Relators' argument that they have not decided whether the experts will be witnesses at trial is not sufficient for Rule 26(b)(4)(B) protection.[4]

Because the information requested by Production Request Nos. 13 and 15 is relevant and Relators have failed to carry their burden of showing that the requested information is privileged, Boeing's motion to compel the two production requests shall be GRANTED.

## Interrogatories

**Interrogatory Nos. 10, 17, and 20**

Relators supplemented their answers to Interrogatory Nos. 10, 17, and 20 *after* Boeing filed its motion to compel. Boeing has accepted Relators' "proffer" of the supplemental answers and indicates that the three interrogatories are no longer in dispute. (Boeing's Reply Brief, Doc. 178, page 2). Accordingly, Boeing's motion to compel Interrogatory Nos. 10, 17, and 20 is MOOT.

**Interrogatory No. 1**

Interrogatory No. 1 asks Relators to identify each specific contractual provision,

---

[4] In order to satisfy Rule 26(b)(4)(B), a party must affirmatively represent that the expert witness is "not expected to be called as a witness at trial." Relators' failure to make such a representation is fatal to their claim of protection under Rule 26(b)(4)(B).

-7-

regulation or other requirement imposed by the U.S. Government that Relators contend that Boeing violated in connection with the aircraft alleged in the complaint. Relators answered the interrogatory by generally referring to their second amended complaint and then listed "examples" of the regulations violated. Relators oppose the motion to compel and argue that their "answer" is sufficient.

Relators' argument that they have fully and sufficiently answered Interrogatory No. 1 is rejected. The text of Relators' second amended complaint is 142 pages long and contains 203 separately numbered paragraphs, the majority of which do not discuss the specific contract provisions or regulations which Relators contend that Boeing violated. Accordingly, Relators' general reference to their second amended complaint is unresponsive to the information asked for by Interrogatory No. 1. Moreover, Relators' listing of "examples" is not sufficient. Boeing is entitled to an answer listing ***all*** of the regulations or contractual provisions alleged to have been violated, not merely a sampling of "examples." Therefore, Boeing's motion to compel a complete answer to Interrogatory No. 1 is GRANTED.[5]

---

[5] Boeing expresses a willingness to accept references to specific paragraphs of the second amended complaint "so long as they are accompanied by identification of knowledgeable witnesses and supporting documents." (Reply Brief, Doc. 178, page. 9). However, Interrogatory No. 1 did not request witnesses and supporting documents. In contrast, Interrogatory Nos. 4, 5, 7, 22 and 23 specifically requested the identity of witnesses and facts. The court declines to order Relators to identify witness and documents which were not requested by Interrogatory No. 1.

**Interrogatory No. 4**

Interrogatory No. 4 asks for the facts and the identity of all witnesses and documents that support Relators' allegation that Boeing's quality control system failed (1) "to prevent its own production personnel in Wichita from incorporating Ducommun parts which were improperly contoured, had shy-edge margins, had incorrectly drilled holes and/or had suspect hardness and conductivity, into aircraft delivered by Boeing to the United States" and (2) "to legitimately determine that the nonconforming parts were acceptable and suitable for use in the subject aircraft." Relators answered by referring Boeing to the second amended complaint and then provided "an example" and a list of fourteen witnesses.

As discussed above, a general reference to the second amended complaint and listing of "an example" is not a sufficient answer to the interrogatory. Accordingly, Boeing's motion to compel a complete answer to Interrogatory No. 4 shall be GRANTED. In addition, Relators shall link each identified witness with the facts that support Relators' allegations.

**Interrogatory No. 5**

Interrogatory No. 5 asks that Relators identify, by part number, the Ducommun parts alleged to be defective and nonconforming and to identify all witnesses and documents that support Relators' allegation that the parts are "defective and nonconforming." In response to the interrogatory, Relators listed broad categories groups such as "The Boeing Quality Management" and "The Boeing Procurement Management." Boeing moves to compel, arguing that Relators' reference to general groups of witnesses is not sufficient.

In response to the motion, Relators argue that paragraphs 114, 149, and 151 of the second amended complaint provide names of the specific witnesses responsive to the interrogatory. Boeing is willing to accept this response as an answer if the individuals listed in paragraphs 114, 149, and 151 ***are a complete listing*** of known witnesses responsive to Interrogatory No. 5. Relators shall supplement their answer to the interrogatory indicating that the persons identified in paragraphs 114, 149, and 151 are a complete listing of currently known witnesses responsive to Interrogatory No. 5.[6]

**Interrogatory No. 7**

Interrogatory No. 7 asks for the facts and identity of witnesses and document that support Relators' allegations that the parts described in paragraph 28 of the amended complaint are "flight safety critical parts." No witnesses were provided and Boeing moves to compel. Relators counter that they will utilize expert testimony to support their allegation of "flight safety critical parts" and that it is premature to disclose expert witnesses at this time. Boeing is willing to accept Relators' implicit explanation that they have no lay witnesses to support the allegations concerning "flight safety critical parts." Relators shall supplement their answer stating that they have no lay witness at this time to support the allegation referenced in Interrogatory No. 7 and will rely on expert testimony.

---

[6] If there are other witnesses now known to Relators, they should be listed in the supplemental answer.

**Interrogatory No. 22**

Interrogatory No. 22 asks for the facts and identity of witnesses and documents that support Relators' allegations that the government aircraft require more frequent inspections and repairs and have suffered a diminution in value. Relators' answer contained no list of witnesses and explained that "damages will come from industry experts." Relators also stated that their "experts will be disclosed at the time prescribed by the court."

Boeing moves to compel. Similar to Interrogatory No. 7, Relators argue that the evidence related to Interrogatory No. 22 will be provided by expert witnesses. Relators shall supplement their answer stating that they currently have no lay witnesses to support the allegations referenced in Interrogatory No. 22 and intend on relying on expert witnesses.

**Interrogatory No. 23**

Interrogatory No. 23 asks for the facts and identity of witnesses and documents that Boeing engaged in retaliatory conduct because of Relators' False Claims Act allegations. Relators answered the request for witnesses by listing "Management, Security Investigations, Internal Audit, Legal, and Ethics." Boeing moves to compel and requests a listing of specific witnesses.

In response, Relators point to the specific individuals named in paragraphs 168, 169, 170 and 171 of the second amended complaint. Boeing is will to accept this response, if this is a complete listing of the witnesses responsive to Interrogatory No. 23. Similar to Interrogatory No. 5, Relators shall supplement their answer to the interrogatory indicating

that the persons identified in paragraphs 168, 169, 170, and 171 are a complete listing of currently known witnesses responsive to Interrogatory No. 23.

**IT IS THEREFORE ORDERED** that Boeing's motion to compel (**Doc. 142**) is **GRANTED IN PART** and **DENIED IN PART**. Relators shall answer the interrogatories and production requests, consistent with the rulings herein, by **July 3, 2008.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of June 2008.

                                                S/ Karen M. Humphreys

                                                _____
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge