**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel TAYLOR SMITH, JEANNINE PREWITT, and JAMES AILES,** | ) | |
| **Plaintiffs and Relators,** | ) | |
| **v.** | ) | **Case No. 05-1073-WEB** |
| **THE BOEING COMPANY and DUCOMMUN, INC., f/k/a AHF-DUCOMMUN,** | ) | |
| **Defendants.** | ) | |
| **JEANNINE PREWITT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 04-1294-WEB** |
| **THE BOEING COMPANY,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Relators' motion to compel "full and complete responses to their second set of production requests." (Doc. 214). Boeing opposes the motion. For the reasons set forth below, Relators' motion shall be **GRANTED IN PART and DENIED IN PART**.

## Background

Relators are or were Boeing employees assigned to investigate the manufacturing activities of Ducommun, a Boeing component part supplier. Highly summarized, Relators allege that they discovered serious defects in the manufacturing and quality control functions at Ducommun. Relators contend that these defects resulted in the delivery, over a period of years, of unapproved, bogus, and/or nonconforming parts by Ducommun to Boeing. These unapproved parts were subsequently installed by Boeing in aircraft sold to the United States. Relators seek to recover, on behalf of the United States and themselves, damages, civil penalties and other relief based on defendants' submission of false payment claims to the United States in violation of the Civil False Claims Act, 31 U.S.C. 3729, *et seq.* Relators also seek damages from Boeing for violations of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h).[1]

## Motion to Compel Complete Responses to Relators' Second Set of Production Requests (Doc. 214)

A brief review of developments in this case is necessary to place the parties' disputes concerning Relators' Second Set of Production Requests in context. With respect to false payment claims submitted to the United States, Relators' second amended complaint (Doc.

---

1 Jeannine Prewitt's employment discrimination claims against Boeing (Case No. 04-1294) have been consolidated with this case.

70) identifies forty-six aircraft.[2] In an effort to narrow the case, Boeing moved for partial summary judgment, arguing that no claims for payment were submitted to the U.S. government on twenty-five of the forty-six listed aircraft. (Doc. 120).[3] The motion is supported by sworn declarations from various Boeing officials that: (1) identify the purchasers of the twenty-five aircraft and (2) state that the sales or leases of those twenty-five aircraft did not involve claims for payment to the U.S. government under the Foreign Military Sales (FMS) program. Relators countered by filing a Rule 56(f) motion requesting an opportunity for discovery before responding to the summary judgment motion. Relators represented that, upon receipt of Boeing's motion for partial summary judgment, they "immediately propounded [their] second set of Requests for Production of Documents, seeking relevant information that is specific and focused on issues related to Boeing's Motion

---

[2] The sufficiency of the allegations in Relators' complaint has been the subject of a number of motions and rulings. Memorandum and Order, Doc. 69 (granting motion to dismiss without prejudice and allowing Relators leave to amend); Memorandum and Order, Doc. 85 (denying motions to dismiss Relators' second amended complaint).

[3] There is some ambiguity concerning the number of aircraft. Boeing's summary judgment motion addresses twenty-seven aircraft. According to Boeing, the twenty-seven aircraft include twenty-five aircraft identified in Relators' second amended complaint, "two of which were likely misidentified (one of which is not an aircraft) and two additional aircraft that Relators may have intended to include but for typographical errors." Boeing's Response, (Doc. 225, p. 4, fn.1). For editorial clarity and consistency, the court will utilize "twenty-five" as the number of aircraft.

for Partial Summary Judgment." (Doc. 130 at p. 2)(emphasis added).[4]

Judge Brown found Relators' support for their Rule 56(f) motion "thin" but granted Relators' request for an opportunity to conduct discovery. Memorandum and Order, Doc. 184. However, Judge Brown noted that "Relators' [Rule 56(f) motion] does not justify a general rummaging of Boeing's files" and that the documents or depositions necessary to address whether the twenty-five aircraft were paid for by the U.S. government under the FMS program "would appear to be quite limited." Id. The permissible scope of the "limited" discover was left "in the hands of the magistrate judge." Id.

Relators' Second Set of Production Requests contains thirteen requests. Boeing responded to the production requests by: (1) asserting various objections, (2) producing the Bill of Sale for each aircraft, (3) explaining that certain requested documents do not exist, and (4) offering to make Boeing representatives available for deposition to describe the basis for their representation that none of the twenty-five aircraft "were sold or leased by Boeing to the U.S. government for use by the U.S. government or by foreign governments through the Foreign Military Sales Program." Relators move to compel, arguing that Boeing has failed to provide a full and complete response to the production requests.

The primary disagreement between the parties concerns the scope of Relators' second set of production requests. Boeing argues that its discovery responses should be limited to

---

[4] Relators' counsel also submitted an affidavit stating "Relators tailored and served upon Boeing their Second Request for Production, specifically to elicit from Boeing the requested information necessary to refute/oppose Boeing's Motion." (Doc. 167-2, exhibit A)(emphasis added).

the narrow issue raised in its motion for partial summary judgment (whether false payment claims were submitted to the U.S. government for twenty-five of the aircraft listed in Relators' amended complaint). Relators contend that Boeing is obligated to respond to all thirteen production requests, whether the requested information is relevant to the Boeing's motion for partial summary judgment or not. As explained in greater detail below, Relators' argument is not persuasive.

As noted above, Relators represented in their Rule 56(f) motion before Judge Brown that their second set of production requests sought relevant information that was "specific and focused on issues related to Boeing's Motion for Partial Summary Judgment." Relators' more recent argument that their second set of production requests *is not and should not be* limited to the issues raised in Boeing's motion for partial summary judgment is inconsistent with their Rule 56(f) representation. More importantly, as Judge Brown noted, the documents and depositions necessary for Relators to show that payment claims for the twenty-five aircraft were submitted to the U.S. government "would appear to be quite limited."

Boeing's motion for partial summary judgment has the potential to materially narrow the scope and volume of discovery concerning aircraft. Consistent with Relators' prior representations and Judge Brown's analysis, the court rejects Relators' suggestion of open ended discovery and will limit Relators' "Rule 56(f) discovery" to the narrow issue raised in Boeing's motion for partial summary judgment. Accordingly, Relators' request to compel

Production Requests 2, 3, 4, 5, 8, 9, 12, and 13 shall be DENIED without further comment.[5] The remaining production requests are discussed below.

**Production Request No. 1**

Request No. 1 seeks production of "any and all documents reviewed, considered, or relied upon" by the persons who provided declarations in support of Boeing's summary judgment motion. Boeing objected, asserting that the terms "reviewed" or "considered" are overly broad, and then produced the Bills of Sale for the aircraft which the individuals relied upon in preparing their declarations. Boeing also offered to produce the individuals for deposition. Relators contend that they are entitled to discover ***any and all*** documents the individuals may have reviewed or considered.

On the surface, Relators' argument has some appeal. However, closer examination reveals a more complex issue because Boeing contends that the twenty-five aircraft were not sold or leased to the U.S. government. Because Relators seek discovery of events which Boeing contends did not occur, Boeing's "review or consideration" included documents that

[5] Relators do not dispute Boeing's argument that Production Requests 2, 3, 4, 5, 8, 9, 12, and 13 are not related to issues raised in the summary judgment motion.

are irrelevant to the issue raised in the summary judgment motion.[6] Accordingly, Relators' motion to compel "any and all documents reviewed or considered" is DENIED.

**Production Request No. 6**

Request No. 6 seeks any and all documents related to (1) sales contracts or leases, (2) purchase orders, (3) negotiation bid documents, (4) statements of work, and (5) manufacturing specifications, including modifications for the twenty-five aircraft. The request for "any and all documents related to" is overly broad for the issues raised by Boeing's summary judgment motion and rejected. However, the (1) sales contracts or leases, (2) purchase orders, and (3) negotiation bid documents arguably show evidence of who purchased or leased the aircraft and whether or not invoices were submitted to the U.S. government for payment. Accordingly, this portion of the motion to compel shall be GRANTED. Documents showing statements of work and manufacturing specifications are

---

[6] A simplified example illustrates the problem. A plaintiff alleges injury from a product and sues a manufacturer. The sued company did not manufacture the item and, in an effort to extricate itself from the lawsuit, "reviews and considers" all of its records for some evidence that it manufactured the item. When it finds none, the manufacture submits an affidavit to the effect that it did not manufacture the product. While some focused and limited discovery might be appropriate to clarify the scope and nature of the search, production of ***all*** manufacturing records "reviewed or considered" would be overly broad.

Boeing has offered to make individuals available for deposition to explain the basis for their declarations. The approach suggested by Boeing is sufficient and more appropriate than the overly broad request for production of "any and all records reviewed or considered."

unnecessary for resolution of the summary judgment motion and DENIED.

**Production Request No. 7**

Request No. 7 seeks any and all financial and supporting compliance documents, including but not limited to (1) invoices, both paper and electronic, (2) claims for payment, (3) canceled checks, wire transfers, or receipts of payment showing the payor, and (4) certifications of conformity/compliance with contract or purchase order terms and conditions. Again, a request for "any and all" financial documents is overly broad and unnecessary for purposes of responding to Boeing's summary judgment motion. Compliance and conformity documents are also not relevant to the summary judgment motion. However, the (1) invoices, (2) claims for payment, and (3) canceled checks, wire transfers, or receipts for payment are directly relevant to Boeing's motion for summary judgment and shall be produced. Accordingly, Relators' motion to compel Production Request No. 7 shall be **GRANTED IN PART** and **DENIED IN PART.**

**Production Request Nos. 10 & 11**

Request Nos. 10 and 11 seek a wide variety of documents for "any and all aircraft sold or leased by Boeing through the Foreign Military Sales Program" from 1994 to 2004. This request is rejected as overly broad in its request for "any and all aircraft." The issues raised in Boeing's summary judgment motion concern twenty-five aircraft listed in Relators' amended complaint. Moreover, Boeing represents that it did not sell or lease any commercial

aircraft to the U.S. government for use by foreign governments through the FMS program; therefore, it has no responsive documents. Because Boeing represents that it has no responsive documents and the requests are otherwise overly broad, Relators' motion to compel Production Request Nos. 10 & 11 are **DENIED.**

**IT IS THEREFORE ORDERED** that Relators' motion to compel **(Doc. 214)** is **GRANTED IN PART** and **DENIED IN PART.** Boeing shall produce the documents related to Production Request Nos. 6 and 7 consistent with the rulings herein on or before **August 22, 2008.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of August 2008.

S/ Karen M. Humphreys

KAREN M. HUMPHREYS
United States Magistrate Judge