# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel<br>TAYLOR SMITH, JEANNINE PREWITT,<br>and JAMES AILES,<br><br>        **Plaintiffs and Relators,**<br><br>v.<br><br>**THE BOEING COMPANY and**<br>**DUCOMMUN, INC.,**<br>**f/k/a AHF-DUCOMMUN,**<br><br>        **Defendants.** | Case No. 05-1073-WEB |
| **JEANNINE PREWITT,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**THE BOEING COMPANY,**<br><br>        **Defendant.** | Case No. 04-1294-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on Relators' motion "to strike [Boeing's] discovery objections and to compel full and complete responses" to Relators' first set of production requests and interrogatories. (Doc. 170). For the reasons set forth below, Relators' motion

shall be **DENIED**.[1]

## Motion to Strike Objections and to Compel

Relators served Boeing with 71 production requests and 5 interrogatories.[2] Boeing responded to the production requests by (1) asserting various objections and (2) offering certain documents for inspection. Similarly, Boeing asserted various objections to the interrogatories but also provided answers. Relators contend that Boeing improperly asserted general, boilerplate objections which the court should strike. In a related argument, Relators contend that Boeing failed to fully answer the discovery requests and should be ordered to do so. Boeing counters that Relators' motion is premature because the parties had not concluded their "meet and confer" process. The parties' arguments are discussed in greater detail below.

## The "Meet and Confer" Process

With respect to Relators' production requests and Boeing's objections, the parties agree that counsel participated in at least five telephone conference calls totaling fourteen

---

[1] The nature of this lawsuit has been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 240.

[2] The production requests and interrogatories contain numerous subparts.

hours and that the conferences resolved or narrowed a number of disputes.[3] However, the parties strongly disagree whether the meet and confer process had "ended" and that further discussions would be pointless. Relators contend that the motion to compel was filed after Boeing failed to respond to a spreadsheet showing which production requests had been resolved and which remained the subject of dispute. Boeing argues that Relators did not express any deadline for responding to the spreadsheet and that Boeing was in the process of gathering documents to supplement its production as well as preparing a response to Relators' chart.

The court has considered the parties' arguments and related exhibits concerning the "meet and confer" process and finds that their disputes concerning the production requests would be materially advanced by further discussions between the parties.[4] The "meet and confer" process will be for a limited period of time as directed herein and, hopefully, the parties' discussions will be advanced by some of the rulings set forth in this opinion.

---

[3] The number of hours spent conferring is not unusual given the large number of production requests (71) containing multiple subparts.

[4] A detailed recitation of the parties' arguments concerning the meet and confer process would not be particularly helpful. Both parties attach exhibits to their briefs and debate "who-said-what" prior to the filing of this motion. At best, the parties demonstrate inadequate communication and mistaken assumptions. Given the volume of discovery requests, Boeing's request that Relators reduce their concerns to writing was not unreasonable. Similarly, the court is not unsympathetic to Relators' difficulties in scheduling meet-and-confer time with Boeing's counsel. It appears that Boeing's counsel deferred meeting for more than a week on a number of occasions and then only had limited time to confer. Counsel for both sides are admonished to be reasonable but diligent in addressing discovery disputes.

The history of the "meet and confer" process concerning Relators' five interrogatories is much more limited and the court is not persuaded that the parties engaged in any meaningful efforts to resolve or narrow the issues before the motion to compel interrogatory answers was filed. Similar to the production requests, the parties shall engage in the "meet and confer" process before the court considers any renewed motion to compel answers to the interrogatories.

**Relators' Request to Strike Boeing's Objections**

Boeing asserted objections such as (1) facially overly broad, (2) overly board, (3) unduly burdensome, (4) irrelevant and (5) not reasonably calculated to lead to the discovery of admissible evidence to some, but not all of the production requests. Relators argue that these "general boilerplate objections" are improper and, "given the sheer number of boilerplate objections directed at Relators' requests, it is impossible to analyze Boeing's objections by individual request made." Doc. 173, p. 7. Relators request a blanket order striking Boeing's objections.

Relators' request for an order striking Boeing's objections to the production requests shall be denied. Contrary to Relators' arguments, Boeing did not assert that all of the production requests were overly broad, unduly burdensome or irrelevant (a "general" objection) but rather asserted specific objections to specific production requests. Moreover, although Boeing used the words "overly broad, unduly burdensome, or irrelevant" when responding to certain production requests, its objections can hardly be characterized as

"boilerplate" because Boeing's responses include additional explanations and clarifications.

The court also rejects Relators' argument that "given the sheer number of boilerplate objections directed at Relators' requests, it is impossible to analyze Boeing's objections by individual request." Relators served 71 production requests with multiple sub-parts. A party who serves voluminous requests for production should not be surprised that the number of objections is similarly large. More importantly, the number of objections is ***not*** "impossible to analyze" by individual request as shown by Relators' spreadsheet. Doc. 173, Exhibit C. Accordingly, Relators' request for a blanket order striking Boeing's objections to the production requests shall be DENIED.

Relators' criticism of Boeing's assertion of "general objections" in response to the interrogatories has more merit because Boeing incorporated and reasserted its list of "general objections" when answering every interrogatory. Such an approach is improper because of the difficulty in understanding the completeness of the Boeing's answer. For example, Boeing asserts a general objection "to the extent that [the interrogatories] seek information or documents already in the possession of, or otherwise available to, relators." This general objection provides little insight into the completeness of Boeing's answer because Boeing, by its own representation, has produced a large volume of documents in this case. The implied suggestion that a party can refuse to answer an interrogatory by making a general reference to unspecified documents is improper and rejected. Similarly, Boeing asserts a general objection to the production of attorney-client privilege or work product materials. However, it is not clear how or why the attorney-client privilege or work product doctrine

applies to some of the interrogatories.

Although the court finds Boeing's use of general objections when responding to the interrogatories problematic, the court declines to enter a blanket order striking objections until the parties have conferred concerning each of the five interrogatories.[5]  Following the meet and confer process, Boeing is granted leave to amend and or supplement its interrogatory answers and, if necessary, Relators may renew their motion to compel interrogatory answers.

**Organization of Production Responses**

Fed. R. Civ. P. 34(b)(2)(E)(i) provides:

> ***Unless*** otherwise stipulated or ***ordered by the court*** . . . (i) a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests.  (Emphasis added).

Relators contend that Boeing has engaged in a "document dump" and produced documents out-of-order; therefore, Boeing should be ordered to organize and label documents to correspond to the individual production requests.  Boeing counters that it produced the documents "as they are kept in ordinary course of business;" therefore, it is not required to

---

[5] Whether or not a reference to a general objection is appropriate turns on the nature of the objections.  For example, a general objection to producing documents created before a specific year might be appropriate because the objection is easily understood and applied to every production request.  On the other hand, a general objection "to the extent each instruction or definition is different from or broader than that allowed by the Federal Rules of Civil Procedure" is too vague to be a meaningful objection.

organize the documents to correspond to the individual production requests.

Neither party provides a sufficient record from which the court can determine whether Boeing is making the requested documents available for inspection "as they are kept in the usual course of business." However, there is no dispute that Boeing is producing a large volume of documents, by agreement of the parties, on a "rolling basis." Boeing is also supplementing its production as additional responsive documents are located. Because of the volume of documents (in excess of 75,000) and the "rolling" production process, the court orders Boeing to identify by bates-stamp number the documents responsive to each production request.[6] Relators shall similarly identify by bates-stamp number those documents responsive to Boeing's production requests.

**Specificity of Motion**

Fed. R. Civ. P. 7(b)(1)(B) requires that a motion must "state with particularity the grounds for seeking the order." Boeing argues that the motion to compel should be denied because Relators fail to discuss 66 of the 71 production requests. Relators contend, in their reply brief, that reference to an exhibit attached to their motion to compel is sufficient.

The court rejects Relators' argument that their reference in their initial brief to a spreadsheet "stated with particularity their grounds for moving to compel." The spreadsheet

---

[6] The parties' briefs argued whether certain documents were produced. After the motion was fully briefed, counsel advised the court by letter that they planned to exchange indexes. Although an index is helpful, the court's order will alleviate further disputes as to whether documents have or have not been produced.

lists 7 "general disputes" and 71 "specific disputes," some shown as "resolved" and some shown as "unresolved." According to Relators initial brief, the spreadsheet was a "meet and confer" tool sent to Boeing for discussion/comment.

Contrary to arguments in Relators' reply brief, the spreadsheet does not adequately explain the production requests the court is asked to resolve. For example, spreadsheet topic 68 concerns "documents from experts or consultants." The chart goes on to explain that Boeing has not retained or consulted with any experts at this time but will disclose its experts in accordance with the local rules and scheduling order. Relators also show the status of the production request as "unresolved." However, nothing in Relators' briefing suggests that they seek an order compelling expert disclosures at this time. Relators shall set out in any subsequent motion the specific production request they seek to compel and include arguments corresponding to the request.

**Reply Brief**

Relators assert, for the first time, a number of issues in their reply brief. For example, Relators argue in their reply brief that "Boeing inexplicably limits Relators' scope of discovery, at times, to 1999-2002." Doc. 222, p. 16. However, Relators' initial brief contained no arguments concerning the temporal scope of discovery.[7] Relators shall address

---

[7] Boeing mentions its objection to a 1994 to 2004 period for Production Request No. 24. Doc. 205, p. 15. However, Boeing did not argue the merits of its position but rather referenced Production Request No. 24 as an example Relators' failure to set forth their arguments with particularity.

the specific objections in dispute in their initial brief. The court declines to address issue raised, for the first time, in Relators' reply brief.

**Law of the Case**

Relators previously moved to compel Ducommun to provide discovery concerning all of the parts it manufactured and sold to Boeing.[8] Ducommun opposed the motion on the narrow grounds that the list of parts did not match the parts described in Relators' amended complaint. The court rejected this argument and granted Relators' motion to compel. Memorandum and Order, Doc. 208, filed June 3, 2008.[9] Relators argue that, under the "law of the case" doctrine, Boeing is similarly required to provide discovery for all parts manufactured by Ducommun.

The court rejects Relators' assertion that the "law of the case" compels Boeing to provide discovery on all parts manufactured and sold to Boeing by Ducommun. The court expressly limited its prior ruling to the arguments raised by Ducommun. Doc. 208, p. 4, fn. 5. Accordingly, the ruling concerning Ducommun does not constitute the "law of the case"

---

[8] Commonly referred to by the parties as "Exhibit A."

[9] Ducommun also argued that the list of parts ("Exhibit A") was unauthenticated. This argument was rejected based on Ducommun's failure to provide any legal authority for its contention that the list must be "authenticated" before discovery proceeds.

with respect to Boeing's discovery obligations.[10]

**Specific Discovery Requests[11]**

**Production Request No. 66**[12]

Production Request No. 66 seeks Boeing's retention and destruction policies or procedures for written and electronically stored materials from 1994 to the present. As a general rule, discovery of a party's document and retention polices is appropriate so that reasonable decisions may be made concerning electronic or hard-copy document production. See, e.g., Dist. of Kansas Guidelines for Discovery of Electronically Stored Information (counsel should attempt to determine whether responsive backup and archival data exists and whether recovery is necessary).

**Production Request Nos. 41 & 42**

Production Request No. 41 seeks **any and all documents comprising or related to** the organizational charts for the Boeing Commercial Group or any other groups who were

---

[10] The ruling was limited to the narrow arguments asserted by Ducommun because neither Relators nor Ducommun discussed a specific discovery request. Whether discovery concerning *all* manufactured parts is overly broad or unduly burdensome would depend, in part, on the nature of the specific discovery request.

[11] The parties shall take these ruling into consideration during their meet and confer discussions. The rulings are without prejudice to more refined arguments by the parties.

[12] The specific production request numbers were provided by Boeing in its response brief. Relators shall provide the number of the production request at issue in any future motions.

involved in the manufacture of the parts identified in Exhibit A, that were in effect between 1994 and 2004. Production Request No. 42 seeks **any and all rosters, organizational charts or similar documents that identify** Boeing management personnel from 1994 to 2004. These requests are overly broad on their face and DENIED.[13] Moreover, Relators are or were Boeing employees with knowledge of Boeing's organization. Any revised request shall be narrowly tailored with justifications for the requested information.

### Production Request No. 48

Request No. 48 seeks any and all documents related to FAA audits at the Boeing Wichita facility or Ducommun from 1994 to 2004 and documents related to "the FAA Special Technical Audit of Boeing's engineering, quality, design, production and airworthiness processes conducted between December 1, 1999 through February 11, 2000. Boeing agreed to produce materials related to the Wichita facility but objects to the request for documents related to the "FAA Special Technical Audit" because the audit covered Boeing's facilities in the Puget Sound area. Based on the arguments currently before the court, the court is not persuaded that Relators have shown sufficient relevance of audits of Boeing's Puget Sound facilities.

### Production Request No. 2

Relators requested any and all documents comprising or related to the personnel files

---

[13] A request for "any and all" documents is unnecessary if all that is sought is an explanation of Boeing's organizational structure. Also, the relevance of the names of Boeing's board of directors dating back to 1994 is not clear.

of 43 current or former Boeing employees.[14] Boeing objects that production of personnel files is not warranted merely because individuals are listed as potential witnesses. The court agrees. Any future request for personnel files must be supported by a particularized showing that production of a specific individual's personnel file is warranted.

**Interrogatories**

As noted above, the court declines to entertain Relators' motion to compel the five interrogatories at this time. The parties shall engage in a meaningful "meet and confer" process and Boeing shall revise its answers and assert specific objects to each interrogatory. Any renewed motion to compel shall address **all** of the objections asserted by Boeing.

**IT IS THEREFORE ORDERED** that Relators' motion to compel **(Doc. 170)** is **DENIED WITHOUT PREJUDICE.** The parties shall meet and confer on or before **August 29, 2008** and Boeing shall revise its interrogatory answers by **September 12, 2008.** Any renewed motion to compel shall be filed by **September 26, 2008.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already

---

[14] Relators subsequently reduced the request to 23 individuals and advised Boeing that pension, benefits, or other financial information could be redacted.

addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of August 2008.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge