IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> TAYLOR SMITH, JEANNINE PREWITT, ) <br> and JAMES AILES, ) <br> ) <br> Plaintiffs-Relators, ) <br> ) <br> v. ) <br> ) <br> THE BOEING COMPANY ) <br> and DUCOMMUN, INC., ) <br> f/k/a AHF-Ducommun, ) <br> ) <br> Defendants. ) <br> ) | Civ. Action No. 05-1073-WEB |

**Memorandum and Order**

Plaintiffs-Relators filed this *qui tam* action under 31 U.S.C. § 3729 et seq. claiming the defendants presented false claims to the U.S. Government in connection with the government's purchase or lease of aircraft from Boeing. The matter is before the court on the following motions: Boeing's Motion for Partial Summary Judgment (Doc. 120); Ducommun's Motion for Partial Summary Judgment (Doc. 149); and Plaintiffs' Motion for Partial Summary Judgment (Doc. 190).

I. *Boeing & Ducommun Motions For Partial Summary Judgment*.

In February and March of 2008, Boeing and Ducommun filed identical motions seeking partial summary judgment. Docs. 120, 149. The motions identified 25 particular aircraft named in the complaint and averred that Boeing did not request or receive payment from the U.S. Government for the sale or lease of these aircraft, nor was the Foreign Military Sales program utilized, such that defendants were entitled to partial summary judgment insofar as Relators' claims were based upon payment for these aircraft. The defendants cited sworn declarations in

support of their assertions.  The 25 planes at issue have the following serial numbers: (1) 21789; (2) 25493; (3) 25495; (4) 27385; (5) 27391; (6) 28016; (7) 28017; (8) 29274; (9) 30137; (10) 30138; (11) 30139; (12) 30790; (13) 30829; (14) 30884; (15) 32451; (16) 32627; (17) 32805; (18) 32954; (19) 33367; (20) 33473; (21) 33447; (22) 33542; (23) 33686; (24) 33962; and (25) 34260.  *See* Doc. 121.

On February 21, 2008, and April 7, 2008, Relators responded by moving pursuant to Rule 56(f) for more time to conduct discovery before responding to the motions.  Although the court noted the "thin" support for Relators' motion, the court granted the request, and gave Relators additional time to conduct discovery.  Doc. 184.  Additional discovery ensued over the course of several months.  On December 22, 2008, Relators filed their response to the motions for partial summary judgment.  In pertinent part, the response stated:

> 5.    That based upon Relators' understanding of Defendant Boeing's response to Relators' Rule 56(f) discovery, representations of Boeing's counsel of record and promised and anticipated responses to a set of Request for Admissions, Relators will seek authority from the Justice Department of the United States of America to file an amended complaint withdrawing allegations containing the specific aircraft at issue in Defendant's Motions for Partial Summary Judgment.
> 6.    That by so withdrawing their claims as stated above, Relators render the Motions for Partial Summary Judgment moot, and therefore further response to Defendants' Motions for Partial Summary Judgment is unnecessary.

Doc. 226 at 2.

In reply, Boeing states that it incurred thousands of dollars in expenses and produced over 5,000 pages of documents in response to Relators' request for additional discovery, all of which it says confirmed Boeing's initial assertion that none of the 25 were sold or paid for by the U.S. Government.  It notes that despite this showing, Relators have not responded to the merits

but now seek to amend the complaint.  Boeing argues that Relators have admitted the facts in the motion by failing to respond to them, and it argues the motion for partial summary judgment should be granted.

Rule 56(c) provides in part that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The local rules of this court additionally provide that "[a]ll material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."  D.Kan.R. 56.1(a).

The defendants' factual statement relating to the 25 identified aircraft has been appropriately supported by affidavit.  Doc. 121, Pp. 2-10.  The defendants' statement shows an absence of any evidence on an essential element of Relators' FCA claim -- namely that the defendants presented or caused to be presented any false or fraudulent claim for payment to the U.S. Government with respect to these aircraft.  *See e.g. U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) ( "a defendant's presentation of a false or fraudulent claim to the government is a central element of every False Claims Act case.").  Relators have not challenged the defendants' statement, and the court concludes the statement is admitted pursuant to D.Kan.R. 56.1.  The court further finds that defendants have shown their entitlement to judgment as a matter of law with respect to claims based on these 25 aircraft, and that a ruling on the merits of these particular claims, rather than some other procedure, is appropriate in light of the circumstances and the history of the case.   Defendants' motions for partial summary judgment are therefore granted.

II.  *Plaintiff-Relators' Motion for Partial Summary Judgment*.

Plaintiffs-Relators have filed a motion asking the court to strike all sixteen affirmative defenses pled by the defendants.  The motion, asserted under Rule 56, states that the affirmative defenses "do not meet the pleading standards required by Fed.R.Civ.P. 8(a)(2), as they fail to state the factual grounds supporting each affirmative defense, showing they are 'entitled to relief.'" Doc. 190 at 2.  Plaintiffs complain that the defenses are asserted in "shot-gun" style with no supporting facts, Doc. 191 at 5, allegedly in violation of Rule 8(a) and the Supreme Court's holding in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Additionally, plaintiffs contend the defenses of laches and estoppel are legally invalid in an FCA action and must be stricken as a matter of law.  *Id*.  Also, they say, the defenses of failure to state a claim or failure to plead with particularity under Rule 9(b) were previously ruled on by the court.  Finally, plaintiffs say that when Relators made discovery requests seeking identification of witnesses, documents and materials in support of the affirmative defenses, defendants "responded with general and boilerplate unsubstantiated objections and no substantive disclosures." *Id*. at 9.

Plaintiffs' motion is not easily categorized.  It is essentially a challenge to the sufficiency of the defendants' pleadings (despite plaintiffs' protestation to the contrary, Doc. 239 at 7) and is therefore most appropriately characterized as a motion to strike under Rule 12(f).  Rule 12(f) provides in part that the court may strike an insufficient defense from a pleading.   Motions to strike are generally required, however, within 20 days after a party is served with the pleading.  Fed.R.Civ.P. 12(f)(2).  That time passed well before Relators filed the instant motion.  Plaintiffs' request to strike is thus untimely.  And although the court has discretion on its own to strike an insufficient defense, *see* Rule 12(f)(1), the court sees no grounds for doing so here.  A defense is

considered insufficient if it cannot succeed, as a matter of law, under any circumstances. *Wilhelm v. TLC Lawn Care, Inc*., 2008 WL 474265, *2 (D. Kan., Feb. 19, 2008). Plaintiffs have made no such showing with respect to defendants' affirmative defenses, with the possible exception of defenses that the court has already ruled on, such as the asserted failure of plaintiffs to plead with particularity under Rule 9(b). But the latter defenses have no bearing on the ongoing litigation, and there is no reason to strike them from the pleadings at this point. With respect to other asserted defenses, such as laches and estoppel, Boeing points out that even if plaintiffs are correct that such defenses cannot be asserted against the United States, the defenses still could be relevant to plaintiffs' retaliation and public policy claims.[1]

"The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense." *Siuda v. Robertson Transformer Co.*, 1992 WL 79311, *3 (D. Kan. 1992) (*citing Wyshak v. City Nat'l. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The court is not persuaded that plaintiffs have been deprived of fair notice with respect to defendants' affirmative defenses. Moreover, a motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy, and the court "should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Wilhelm*, 2008 WL 474265, *2 [citations omitted]. Plaintiffs have not identified any prejudice that would justify the striking of the asserted defenses.

Additionally, insofar as plaintiffs' motion is asserted under Rule 56, the court rejects it. The motion appears to be premised on plaintiffs' dissatisfaction with defendants' discovery responses. Plaintiffs assert as an "uncontroverted fact" that the defendants responded to

---

[1] Ducommun withdraws its laches and estoppel defenses. Doc. 230 at 2.

discovery requests "with general and boilerplate unsubstantiated objections and no substantive disclosures." Doc. 191 at 5. In support of this asserted fact, plaintiffs cite generally to the defendants' 60-page responses to requests for production. The court is not impressed with this use of summary judgment, particularly while the parties are in the midst of conducting discovery on their claims. *Cf. Jamieson v. Vatterott Educ. Centers, Inc.*, 2009 WL 214823, *3 (D. Kan., July 15, 2009) (the court will not grant summary judgment when the record clearly shows a party has not had adequate opportunity for discovery). Discovery is being capably managed by the Magistrate Judge in accordance with the rules of civil procedure. Under those rules, a party may move to compel discovery if another party fails to make a required disclosure. The Magistrate will then determine if the disclosure is adequate. If an appeal is taken from the Magistrate's ruling, the court will review it under the standards applicable for review. The court does not consider summary judgment an appropriate vehicle to review the adequacy of discovery disclosures.

  III. *Conclusion*.

  Defendant Boeing Company's Motion for Partial Summary Judgment (Doc. 120) is GRANTED; Defendant Ducommun, Inc.'s Motion for Partial Summary Judgment (Doc. 149) is GRANTED; Plaintiffs-Relators' Motion for Partial Summary Judgment (Doc. 190) is DENIED.

  IT IS SO ORDERED this  13th  Day of August, 2009, at Wichita, Ks.

                s/Wesley E. Brown
                Wesley E. Brown
                U.S. Senior District Judge

discovery requests "with general and boilerplate unsubstantiated objections and no substantive disclosures." Doc. 191 at 5. In support of this asserted fact, plaintiffs cite generally to the defendants' 60-page responses to requests for production. The court is not impressed with this use of summary judgment, particularly while the parties are in the midst of conducting discovery on their claims. *Cf. Jamieson v. Vatterott Educ. Centers, Inc.*, 2009 WL 214823, *3 (D. Kan., July 15, 2009) (the court will not grant summary judgment when the record clearly shows a party has not had adequate opportunity for discovery). Discovery is being capably managed by the Magistrate Judge in accordance with the rules of civil procedure. Under those rules, a party may move to compel discovery if another party fails to make a required disclosure. The Magistrate will then determine if the disclosure is adequate. If an appeal is taken from the Magistrate's ruling, the court will review it under the standards applicable for review. The court does not consider summary judgment an appropriate vehicle to review the adequacy of discovery disclosures.

  III. *Conclusion*.

  Defendant Boeing Company's Motion for Partial Summary Judgment (Doc. 120) is GRANTED; Defendant Ducommun, Inc.'s Motion for Partial Summary Judgment (Doc. 149) is GRANTED; Plaintiffs-Relators' Motion for Partial Summary Judgment (Doc. 190) is DENIED.

  IT IS SO ORDERED this  13th  Day of August, 2009, at Wichita, Ks.

            s/Wesley E. Brown
            Wesley E. Brown
            U.S. Senior District Judge