# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, ex rel )
TAYLOR SMITH, JEANNINE PREWITT, )
and JAMES AILES, )
)
        **Plaintiffs and Relators,** )
)
v. )   Case No. 05-1073-WEB
)
THE BOEING COMPANY and )
DUCOMMUN, INC., )
f/k/a AHF-DUCOMMUN, )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

On August 27, 2009, the court granted in part and denied in part Boeing's motion for a protective order concerning a Rule 30(b)(6) deposition notice containing 45 topics. Memorandum and Order, Doc. 364.[1] This matter is before the court on plaintiffs' motion for reconsideration. (Doc. 381). Specifically, plaintiffs seek reconsideration of the court's ruling that plaintiffs had not shown the relevance of the information requested by deposition topics 37-43. For the reasons set forth below, plaintiffs' motion for reconsideration shall be DENIED.

---

[1] The opinion also addressed three other discovery related motions. Because plaintiffs' motion for reconsideration is narrowly focused, the court's ruling will similarly be limited to the matters raised for reconsideration.

The standards for a motion to reconsider were set forth in the concluding paragraph of the August 27 Memorandum and Opinion:

> A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

D. Kan. Rule 7.3 similarly provides:

> A motion to reconsider [a non-dispositive order] shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Plaintiffs' motion for reconsideration explains for the first time how they believe topics 37-43 are relevant to their claims in this case. However, advancing new arguments which were otherwise available for presentation when the original motion was briefed is inappropriate and not grounds for reconsideration.[2] Accordingly, plaintiffs' motion for reconsideration shall be DENIED.

---

[2] Boeing's memorandum in support of its motion for a protective order was 23 pages in length with an additional 75 pages of exhibits. Plaintiffs' response brief was also 23 pages in length with 67 pages of exhibits and Boeing's reply was 27 pages long. Plaintiffs had ample opportunity to address Boeing's relevance objection during the initial round of briefing and plaintiffs essentially ask for a "do-over." Under the circumstances, the court declines plaintiffs' invitation to revisit its ruling.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for reconsideration **(Doc. 381)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of December 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge