**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, ex rel )
TAYLOR SMITH, JEANNINE PREWITT, )
and JAMES AILES, )
                                          )
                **Plaintiffs and Relators,** )
                                          )
v.                                          )           Case No. 05-1073-WEB
                                          )
**THE BOEING COMPANY and** )
**DUCOMMUN, INC.,** )
**f/k/a AHF-DUCOMMUN,** )
                                          )
                **Defendants.** )
                                          )

## **MEMORANDUM AND ORDER**

This matter is before the court on Boeing's motion for a protective order concerning its "confidential" designations. (Doc. 359). For the reasons set forth below, Boeing's motion shall be GRANTED IN PART and DENIED IN PART.

### **Background**

On December 14, 2007, the Honorable Wesley E. Brown entered a protective order in this case concerning documents and information produced during discovery. (Doc. 104).[1]

---

[1] Boeing's motion for a protective order (Doc. 98) was opposed by plaintiffs. After considering the parties' arguments, Judge Brown granted the motion on December 13 (Doc. 13) and filed the protective order on December 14, 2007.

Included within the protective order was a protocol for the designation and treatment of "confidential" information. Highly summarized, the protective order allows a party to designate certain materials and deposition testimony as "confidential" and also establishes rules governing the disclosure and handling of such information.[2] Paragraph 20 of the protective order allows any party in the case to object to the "confidential" designations. If unable to informally resolve the objection, the party designating the information as confidential is required to move for a determination as to whether the information warrants confidential treatment. Plaintiffs object to certain confidential designations by Boeing and, consistent with paragraph 20, Boeing moves for a ruling that the designated information is "confidential."

**Ruling**

The issue before the court is whether Boeing has carried its burden of showing that the designation of "confidential" is appropriate for deposition exhibits 218, 221, 222, 225,

---

[2] "'Confidential' material may include, for example, non-public financial information, engineering drawings and information, manufacturing processes, quality control processes, supplier negotiations and agreements, and shall also be reserved for any employment, personal, financial, social security identifications, and/or medical information related to employees or former employees ..." Doc. 104, p. 3.

227, 228, 230-34, 236-38, 240-45, 249, 250, and 250A.[3] After considering the parties' arguments and reviewing the exhibits, the court finds as follows.

**Exhibit 218**

Exhibit 218 contains 180 pages of documents that were produced at the deposition of Ms. Norman, a former Boeing employee. The court has reviewed the exhibit and is satisfied that the pages identified in Boeing's brief (Doc. 359, p. 11) contain sensitive business information related to prices, negotiations, and agreements with suppliers and that the unrestricted disclosure of this information would cause competitive harm to Boeing.[4] Additionally, the exhibit contains some pages related to Ms. Norman's work history. This

---

[3] Boeing's motion (Doc. 359) mentions deposition exhibits 217, 229 and 247 as being designated as "confidential." However, Boeing explains in its reply brief that the reference to these three documents was "a scrivener's error" and that the newspaper article and two deposition notices were "never stamped, marked or designated as confidential in the first place." (Doc. 374, p.1). Accordingly, deposition exhibits 217, 229 and 247 are *not* "confidential" for purposes of the protective order.

Plaintiffs also concede that exhibits 220, 239, and 248 are employee work histories and properly designated as "confidential." Accordingly, exhibits 220, 239 and 248 are "confidential" for purposes of the protective order.

[4] Boeing does not contend that all pages in the exhibit are confidential. For example, the first 18 pages consist of deposition notices which Boeing does not contend are "confidential."

Boeing lists approximately one hundred Bates-stamped pages as being designated "confidential." Because of the large number of pages, the individual Bates-stamped numbers will not be repeated in this opinion.

information should also be protected from unrestricted disclosure. Accordingly, Boeing's designation of certain pages in Exhibit 218 as "confidential" is appropriate.

**Exhibit 221**

This two-page exhibit merely shows the start and ending date for an internal audit project and the total number of hours spent by three team members on the project. The court is not persuaded that this information is business sensitive; therefore, Boeing's designation of Exhibit 221 as "confidential" is REJECTED.

**Exhibit 222**

Exhibit 222 contains the internal procedures which Boeing uses to conduct audits and its value would be diminished if not protected. Accordingly, the court is satisfied that Exhibit 222 is properly designated as "confidential."

**Exhibit 225**

This exhibit contains details concerning Boeing's quality assurance system. The court agrees that the confidential designation is appropriate because competitors could gain valuable information if the exhibit were not protected.

**Exhibits 227 & 228**

Exhibits 227 and 228 contain sensitive business information concerning Boeing's

contract with Ducommun, including negotiations and prices. The unrestricted disclosure of these documents to competitors and suppliers would likely be detrimental to Boeing in future supplier negotiations. Therefore, Boeing has carried its burden of showing that the "confidential" designations for Exhibits 227 and 228 are appropriate.

**Exhibits 230, 232, 233 & 245**

Exhibits 230, 232, and 233 contain handwritten notes of Boeing auditors concerning the Ducommun tool audit. Exhibit 245 describes the impressions and strategies of Boeing negotiators following the audit. The "confidential" designations are appropriate for these documents because their unrestricted disclosure would provide suppliers and competitors with insight into Boeing's audit strategies. Advance knowledge of Boeing's strategies would diminish Boeing's ability to conduct audits in the future.

**Exhibits 231 & 237**

Exhibits 231 and 237 contain detailed pricing information from suppliers. This information is appropriately designated as "confidential."

**Exhibit 234**

This exhibit is a summary evaluation of Ducommun and describes the rating system Boeing uses for its suppliers. This exhibit is properly designated as "confidential" because outside suppliers and vendors could manipulate their ratings if they had access to this internal

information.

**Exhibit 236**

Exhibit 236 contains "Internal Audit– Customer Surveys" of two audit team members. The surveys ask generic questions similar to any customer satisfaction survey. Contrary to Boeing's arguments, the court is *not* persuaded that the surveys contain sensitive business or employee information warranting the designation of "confidential." Accordingly, Boeing's "confidential" designation of Exhibit 236 is REJECTED.

**Exhibit 238**

This exhibit describes in detail the conclusions and recommendations following the Ducommun Tooling audit. The unrestricted disclosure of this information would provide sensitive business information and strategies to other suppliers that Boeing audits. The court is persuaded that Boeing's "confidential" designation is appropriate.

**Exhibit 240**

Exhibit 240 contains two business organizational charts issued in November 2003. The court is *not* persuaded that these organizational charts warrant "confidential" treatment and Boeing's designation is REJECTED.

**Exhibits 241, 242, 243, 250 & 250A[5]**

Exhibits 241, 242 and 243 contain a settlement and release negotiated between Boeing and Ducommun following the tool audit. Exhibits 250 and 250A contain Boeing's negotiating strategy for dealing with Ducommun. The disclosure of these exhibits would give other suppliers and competitors insight into Boeing's negotiation strategy and tactics; therefore, the designation of "confidential" is appropriate.

**Exhibit 224**

Exhibit 244 describes Boeing's agreement with suppliers regarding tools. The information is sensitive and disclosure to competitors would be harmful to Boeing. Accordingly, the "confidential" designation is appropriate.

**Exhibit 249**

Exhibit 249 is a lengthy exhibit describing Boeing's quality assurance program. The unrestricted disclosure of this business information to competitors would be harmful to Boeing. Thus, the designation is appropriate.

---

[5] Plaintiffs object that Exhibit 243A merely reflects a signature block and is not properly designated as "confidential." Boeing has not mentioned Exhibit 243A and it has not included in the binder of exhibits provided to the court. To the extent Exhibit 243A is in dispute, Boeing has not carried its burden of showing that Exhibit 243A should be designated as "confidential.

**IT IS THEREFORE ORDERED** that Boeing's motion for a protective order and determination of "confidentiality" designations **(Doc. 359)** is **GRANTED IN PART and DENIED IN PART,** consistent with the rulings set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of March 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge