# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, ex rel )
TAYLOR SMITH, JEANNINE PREWITT, )
and JAMES AILES, )
  )
        Plaintiffs and Relators, )
  )
v. ) Case No. 05-1073-WEB
  )
THE BOEING COMPANY and )
DUCOMMUN, INC., )
f/k/a AHF-DUCOMMUN, )
  )
        Defendants. )
  )

## MEMORANDUM AND ORDER

This false claim action is before the court on Boeing's motion for a protective order concerning plaintiffs' Rule 30(b)(6) topics. (Doc. 403). As explained in greater detail below, Boeing's motion is GRANTED IN PART and DENIED IN PART.

### Background

Relators are or were Boeing employees assigned to investigate the manufacturing activities of Ducommun, a Boeing component part supplier. Highly summarized, Relators allege that they discovered defects in the manufacturing and quality control functions at Ducommun. Relators contend that these defects resulted in the delivery, over a period of

years, of unapproved, bogus, and/or nonconforming parts by Ducommun to Boeing. These unapproved parts were installed by Boeing in aircraft sold to the United States. On behalf of the United States, Relators seek to recover damages, civil penalties and other relief based on defendants' submission of false payment claims to the United States in violation of the Civil False Claims Act ("FCA"), 31 U.S.C. 3729, *et seq.* Relators also seek damages from Boeing for violations of the anti-retaliation provisions of the FCA, 31 U.S.C. 3730(h).

## Boeing's Motion for a Protective Order

Relators originally served Boeing with a twelve-page 30(b)(6) deposition notice containing 45 topics and Boeing moved for a protective order. The court granted in part and denied in part Boeing's motion for a protective order based on findings that certain topics were (1) too general in nature, (2) unduly burdensome, and/or (3) available through simpler discovery means. (Doc. 364). Relators served amended and supplemental Rule 30(b)(6) deposition notices and Boeing again moves for a protective order. (Doc. 403). The rulings on the disputed topics are set forth below.

**Amended Notice, Topic 7**

Topic 7 seeks the "engineering analysis or evaluations which, if any, [sic] Boeing undertook" following the 2000 tooling audit of AHF Ducommun. Boeing objected to the topic and, during the "meet and confer" process, the parties discussed utilization of a request for admission in lieu of deposition testimony concerning Topic 7. Boeing argues that it has

now "responded" to Relators' requests for admission; therefore, "the court should not require Boeing to provide a witness to discuss a topic about which there is no legitimate factual dispute."

Boeing's request for a protective order concerning Topic 7 is REJECTED. Boeing "denied" plaintiffs' requests for admission; thus, the "factual dispute" is *not* resolved. Under the circumstances, Boeing has failed to carry its burden of showing that a protective order is warranted concerning Topic 7.[1]

**Amended Notice, Topic 9**

Topic 9 seeks "any analyses, including annual performance evaluations, undertaken by Boeing to determine how the findings of the Ducommun tooling audit could have gone undetected by the responsible PQA representatives who were charged with the surveillance of Ducommun between 1996 and 2000." Boeing argues that a protective order is warranted because the information is irrelevant and unduly burdensome. Specifically, Boeing argues that the performance evaluations have been produced and "there is nothing to be gained by requiring a Boeing witness to read these documents and testify about them."

---

[1] In addition to denying the various requests for admission, Boeing's response contains a statement that is inconsistent with an earlier representation to the court. Specifically, Boeing stated in its motion for a protective order "that it performed several analyses following the tooling audit, but that **none involved an engineer** because the audit's finding did not raise engineering concerns." Doc. 403, p. 3 (emphasis added). However, when presented with the request for admission, Boeing denied the requests for admission "because Ron Brunton has an engineering degree, and, as relators are aware, Mr. Brunton had some participation . . . ." Doc. 407, exhibit B.

-3-

The court agrees. The performance evaluations in dispute are over ten years old and the relevance of the Rule 30(b)(6) deposition testimony, if any, is extremely limited.[2] The court will not require production of a Rule 30(b)(6) witness to testify to the content of ten-year old performance appraisals that have already been produced. Accordingly, Boeing's request for a protective order concerning Topic 9 is GRANTED.

**Amended Notice, Topics 16a-16d**

These four sub-topics request a Rule 30(b)(6) witness to discuss the "written Boeing manufacturing process . . . that Boeing had in place between 1996 and 2000 that were intended to provide Boeing Wichita" employees guidance on particular tasks. Boeing argues that a protective order is warranted because: (1) the documents are more efficiently discovered through the use of an appropriately worded request for production and (2) the sub-topics lack the specificity required by Rule 30(b)(6).

The court agrees that an appropriately worded request for documents is more efficient;

---

[2]

Relators' relevance argument is limited to the following:

> [T]his case is not only about false or fraudulent invoices, but also about how Boeing and its subcontractor impliedly and expressly certified conformity to regulations and contract terms/specifications in conjunction with Boeing's claims for pay to the government. The PQA representatives referenced in this topic were responsible for evaluation or certifying the manufacturing processes and contract compliance of Ducommun between 1996 and 2000.

The relevance, if any, of the performance evaluations is extremely tenuous.

-4-

thus, Boeing's motion for a protective order shall be GRANTED.[3]

**Supplemental Notice, Topic 1**

Topic 1 requests a Rule 30(b)(6) Boeing witness to testify concerning:

> The decision by Boeing to measure/determine/evaluate NC machine capability and/or capacity as a qualification for supplier eligibility to manufacture ATA parts for 737NG aircraft. (Described during the deposition of Bruce Kreider generally at pages 53 to 61.) Included is knowledge of the persons involved, the chronology of the decision, and contemporaneous documents that describe, record, support, and disclose the decision within Boeing and/or Boeing suppliers.

Boeing argues that this topic is based on a false premise. Specifically, Boeing argues that it ***never made*** "the decision to . . . evaluate NC ["numerical control" or computer aided] machine capability . . . as a qualification for supplier eligibility to manufacture ATA [advanced technology assembly] parts for the 737NG aircraft." Because Boeing never made the "decision" described by Relators, Boeing argues it has no witness to testify concerning Topic 1. Boeing asserts that NC machine capability was not a requirement for suppliers to make ATA parts.

Relators argue that Boeing "over simplifies" this topic and that Mr. Kreider was asked by Boeing in 1996 to determine the capability of various suppliers to produce "ATA"

---

[3] Relators devote nearly half of their argument in opposition to the protective order to sub-topic 16f. However, Boeing has not requested a protective order concerning sub-topic 16f. Additionally, Relators now suggest a line of questioning (***how*** employees were ***instructed***) that differs from that requested in sub-topics 16a-16d (the ***written manufacturing processes***). These peculiar arguments do not merit a detailed discussion by the court.

manufactured parts.[4] Apparently one of the methods used by Mr. Kreider to evaluate a supplier capacity to produce ATA parts was to test a supplier's NC machinery. Relators contend that Topic 1 requests deposition testimony on the "decision" to test NC machinery as a way to evaluate ATA manufacturing capacity.

The court rejects Relators' convoluted explanation of Topic 1. The wording of Topic 1 differs from that now suggested by Relators. Accordingly, Boeing's motion for a protective order concerning Topic 1 is GRANTED.

**Supplemental Notice, Topic 4**

Topic 4 seeks a Rule 30(b)(6) witness concerning:

> The decision by Boeing to discontinue/terminate its supply relationship with AHF-Ducommun for the parts identified in Contract #'s 000940389 (Deposition exhibit 76) and 064753 (Deposition exhibit 75) and move/transfer the relationship to other suppliers. Included is knowledge of the persons involved, the identity of the substitute supplier(s), the Long term Agreements or Contracts, and the ATA/NC machine capacity, and NC requirements for each substitute supplier.

Boeing seeks a protective order, arguing that the requested information is irrelevant and subject to simpler discovery.

Relators argue that the requested information is relevant because Ducommun was a delegated source supplier and was therefore required to ensure that parts were made

---

[4] Relators do not provide pages 53 through 61 of Mr. Kreider's deposition for consideration. Boeing, on the other hand, provides specific deposition testimony by Mr. Kreider that he was *not* involved in a process to qualify suppliers.

-6-

according to design and production methods approved by the FAA. The failure to manufacture parts according to FAA's design and production methods is part of Relators' false claim theory. Boeing counters that Relators are wrong in suggesting that every clause in contracts between Boeing and Ducommun amounts to a requirement imposed by the government. Boeing also argues that Relators are unable to cite a basis for their false allegation that Ducommun produced "unapproved parts with unapproved methods."

The problem with Boeing's "lack of relevance" argument is that it is essentially an argument which goes to the merits of Relators' case. Such arguments are premature and are rejected as a basis for granting a protective order for Topic 4.

Boeing alternatively requests that the deposition topic should be rejected and that Boeing would answer a narrow interrogatory related to the transfer of work to new suppliers. The court is also not persuaded by Boeing's suggestion of a limited interrogatory; however, as described in greater detail below, the court will limit the matters addressed during the Rule 30(b)(6) deposition.

Boeing shall produce a Rule 30(b)(6) witness to testify concerning the decision to discontinue/terminate its supply relationship with Ducommun and transfer the work to other suppliers for the parts identified in Topic 4. However, the court is not persuaded that Boeing's contracts with new suppliers are relevant to this case or Relators' allegations that Ducommun supplied "unapproved" or faulty parts. This case is based on allegations that Ducommun's parts were "unapproved" and that Boeing installed these "unapproved" Ducommun parts on certain aircraft sold to the United States. Discovery concerning

Boeing's dealings with new and different suppliers is simply unnecessary to the claims asserted by Relators in this case.[5] Accordingly, Boeing's motion for a protective order concerning Topic 4 is GRANTED IN PART and DENIED IN PART.

**Supplemental Notice, Topic 5**

Topic 5 requests a Rule 30(b)(6) witness to testify concerning "any decision by Boeing to retain or abandon/relinquish any Boeing-owned and serialized tools that Boeing provided to AHF-DUCOMMUN, or . . . which Boeing paid to have made." Additionally, Topic 5 requests the present location of such tools and inventory documents. Boeing argues that the information is irrelevant to the claims in this case and, alternatively, an interrogatory or request for production would be more efficient and simpler.

The court is satisfied that the request is relevant because the inquiry may lead to evidence that the tools were defective which in turn might have resulted in the manufacture of defective parts. Boeing's alternative suggestion of an interrogatory or request for production of documents is conclusory and unpersuasive. Accordingly, the motion for a protective order concerning Topic 5 shall be DENIED.

**Supplemental Notice, Topic 6**

Topic 6 requests a Rule 30(b)(6) witness to testify about "the tool designs of the tools

---

[5] Additionally, Relators' request for any "long term agreements or contracts" is overly broad and lacking in the specificity required by Rule 30(b).

listed in Exhibit 1 to Deposition Exhibit 60A" and the persons responsible for preserving/maintaining or destroying the records of the tool designs. Topic 6 also requests testimony on the decision not to retain these particular records. Boeing argues that it did not retain copies of these particular tool designs; therefore, Boeing has no knowledge of this topic and the deposition "is a waste."[6]

Relators contend that the information is relevant because (1) the tool designs would show that the tools they purport to represent would not be capable of making an approved part and (2) the tool designs were a "sham."[7] Relators argue that evidence of Boeing's failure to keep the designs somehow supports Relators' claims in this case. Boeing counters that Relators have no evidence to support their arguments that designs never existed or were somehow a "sham" and that Ducommun has in fact produced many of the tool designs as well as a log showing that Boeing signed off on the reformatted tool designs.

The relevance of Boeing's decision not to keep copies of Ducommun's tool designs is a stretch by any reasonable measure and the court will not require Boeing to produce a Rule 30(b)(6) witness on the topic. However, the court will allow Relators to serve a ***very*** narrow interrogatory asking why Boeing did not keep copies of the particular tool designs mentioned in Topic 6. Boeing's motion for a protective order concerning deposition Topic

---

[6] Apparently, Ducommun had the tool designs but "only kept a handful of the designs."

[7] The issue of whether or not the tool designs would be capable of making the part would not be answered by Topic 6.

6 is otherwise GRANTED.

**Supplemental Notice, Topics 7a-7g**

Topics 7a-7g relate to a draft tooling audit report and Relators seek (1) the meaning of certain phrases, (2) the identities of those who created the executive summary, (3) the identities of those to whom the memo was sent, (4) comments or responses by the recipients, and (5) Boeing's policies relating to the maintenance of these types of documents. Boeing argues that the meaning of the phrases can be discovered through a simple interrogatory and that the document retention policies and comments can be most efficiently produced through a request for production. Relators simply argue that a deposition is the most effective means to secure the requested information.

This is the second time the court has been called upon to address a Rule 30(b)(6) discovery dispute concerning the draft audit summary. <u>Memorandum and Order</u>, Doc. 364. Relators previously served a Rule 30(b)(6) deposition notice asking for the identities of the Boeing employees who received or considered findings in the draft audit report. The court granted Boeing's motion for a protective order, holding:

> The names and last known addresses of potential witnesses can be obtained more conveniently and with less expense through a simple interrogatory. Requiring Boeing to designate a corporate representative to appear for a deposition to provide the names and addresses of witnesses is a waste of time and money.

Doc. 364, p. 15. Relators offer no explanation why the identities of Boeing employees are again the subject of a Rule 30(b)(6) deposition notice.

Relators' insistence that a Rule 30(b)(6) deposition is the most efficient and effective way to secure the requested information is puzzling given the court's earlier ruling concerning the draft audit report. Although Boeing again suggests interrogatories, the court declines to order that interrogatories be served.[8] Rather, the court will allow the Rule 30(b)(6) deposition on Topic 7a-7g but require that Relators pay all of Boeing's fees and expenses for Boeing's counsel to appear at the deposition.[9]

**IT IS THEREFORE ORDERED** that Boeing's motion for a protective order **(Doc. 403)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that no additional Rule 30(b)(6) deposition shall be noticed by Relators. Relators are limited to the Rule 30(b)(6) depositions permitted by this order.

**IT IS FURTHER ORDERED** that the parties shall confer and submit revised dates for the completion of all remaining pretrial matters in this case. The report shall contain a brief explanation of any differences between the parties and shall be submitted to chambers by **April 16, 2010.** A conference, if necessary, will be scheduled after receipt of the parties'

---

[8] As noted above, Relators ignored the court's instruction to serve an interrogatory to secure the identity of certain potential witnesses.

[9] The fees and costs shifted to Relators will be limited to attorney time and expenses incurred during actual taking of the Rule 30(b)(6) deposition. Fees and expenses associated with gathering the requested information and preparing the witness will *not* be shifted to Relators.

report.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of April 2010.

                                                          S/ Karen M. Humphreys
                                                         _____
                                                         KAREN M. HUMPHREYS
                                                         United States Magistrate Judge