**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, ex rel )
TAYLOR SMITH, JEANNINE PREWITT, )
and JAMES AILES, )
                                            )
                 Plaintiffs and Relators, )
                                            )
v. )                       Case No. 05-1073-WEB
                                            )
THE BOEING COMPANY and )
DUCOMMUN, INC., )
f/k/a AHF-DUCOMMUN, )
                                            )
                 Defendants. )
                                            )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to strike the "errata sheet" submitted by Robert Exley, a former Ducommun employee, to the court reporter for attachment to his deposition. (Doc. 501). For the reasons set forth below, the motion shall be GRANTED.

The chronology of events pertinent to this motion are not in dispute. On August 12, 2009, plaintiffs deposed Robert Exley, Ducommun's former vice president of engineering. The court reporter shipped the deposition transcript and form for corrections to Mr. Exley on September 1, 2009. Mr. Exley received the documents on September 4, 2009. For reasons unexplained, Mr. Exley waited until January 5, 2010, to submit his errata sheet to the

court reporter.

As noted above, plaintiffs move to strike the errata sheet, arguing that Mr. Exley failed to timely submit his corrections/modifications to the court reporter. The court agrees. The procedure for a witness to review his or her deposition and to make changes is set forth in Fed. R. Civ. P. 30(e) which provides:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed ***30 days*** after being notified by the officer that the transcript or recording is available in which:
>
>> (A) to review the transcript or recording; and
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach ***any changes the deponent makes during the 30-day period.*** (Emphasis added).

The Tenth Circuit construes the 30-day period for submitting changes as "mandatory" and that deposition changes are permissible under Rule 30(e) ***only*** if the party submitting the errata sheet establishes that the submission was provided to the court reporter within the time limit. Rios v. Bigler, 67 F.3d 1543, 1552 (10th Cir. 1995)(characterizing the 30-day limit as a "procedural dictate" and "mandatory"); ICE Corp. v. Hamilton Sundstrand Corp., 2007 WL 4259484 at *2 (D. Kan. Dec. 3, 2007)(Judge Sebelius, narrowly construing 30-day requirement and striking untimely errata sheet). Because Mr. Exley received notice that the transcript was available for review on September 4, 2009 but waited until January 5, 2010 to submit his errata sheet, the changes are untimely under Rule 30(e).

-2-

Defendant Ducommun argues that Rios v. Bigler and ICE v. Hamilton are no longer good law because Rule 30(e) was amended in 2007 and the word "must" was substituted for the word "shall."[1] Relying on dicta in a footnote from a Third Circuit opinion, Ducommun argues that the current language in Rule 30(e) grants the court discretion to allow belated changes to the deposition. EBC, Inc. v. Clark Bldg. Sys., 618 F.3d 253, 266, fn.12 (3rd Cir. 2010 ("The natural language of the rule, then, does not preclude courts from allowing more time upon a request or forgiving minor untimeliness after the fact. Instead, the rule grants courts discretion to do so under appropriate circumstances.").

The court respectfully rejects the dicta in EBC, Inc. suggesting that the 2007 amendments to Rule 30(e) grant the court new and broader authority. The official comments concerning the 2007 amendments provide:

> The language of Rule 30 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are ***intended to be stylistic only.*** (Emphasis added).

Because the 2007 amendments were "intended to be stylistic only," the court is not persuaded that well-established Tenth Circuit precedent concerning Rule 30(e) has been overruled by the recent amendments.

---

[1] It is not at all clear that Ducommun has standing to oppose plaintiffs' motion to strike Mr. Exley's errata sheet. Although Ducommun was present at the deposition, it expressly denies that he was represented by counsel during the deposition. (Doc. 511, p. 1). Ducommun also asserts that Mr. Exley consulted his own counsel and then prepared the errata sheet. (Doc. 511, p. 1). The court assumes, without resolving, that Ducommun has standing to oppose the motion to strike.

As suggested in EBC, Inc., the court does have discretion to relax the 30-day deadline for submitting changes to a deposition transcript in appropriate circumstances. However, the authority for "extending time" is found in Fed. R. Civ. P. 6(b) rather than the 2007 "stylistic" amendments to Rule 30(e). Neither Ducommun nor Mr. Exley assert "good cause" or "excusable neglect" under Rule 6(b) for failing to comply with the 30-day time limit; therefore, the court declines to exercise its discretion and allow the untimely submission of Mr. Exley's errata sheet.[2] Accordingly, the motion to strike shall be granted.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' motion to strike Mr. Exley's errata sheet **(Doc. 521)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of February 2011.

                                                      S/ Karen M. Humphreys
                                                    _____
                                                    KAREN M. HUMPHREYS
                                                  United States Magistrate Judge

---

[2] At best, Ducommun argues that the 30-day deadline is frequently ignored by practitioners. This argument does not satisfy the requirements of "good cause" or "excusable neglect" found in Rule 6(b).

[3] The parties debate whether the substance of the changed testimony is permissible under Tenth Circuit precedent. See, e.g., Burns v. Bd of County Comm'rs, 330 F.3d 1275 (10th Cir. 2003)(apply same standards concerning "sham affidavits" to errata sheets). Because the motion is granted based on the 30-day deadline, the court does not address this argument. For future consideration, the parties are admonished that determining the materiality of deposition changes without detailed context is exceedingly difficult, if not impossible. Research indicates that the Burns' factors generally are addressed in the context of a summary judgment motion.