# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, ex rel )
TAYLOR SMITH, JEANNINE PREWITT, )
and JAMES AILES, )
                                                                        )
               **Plaintiffs and Relators,** )
                                                                        )
v. )                Case No. 05-1073-WEB
                                                                        )
THE BOEING COMPANY and )
DUCOMMUN, INC., )
f/k/a AHF-DUCOMMUN, )
                                                                        )
               **Defendants.** )
                                                                         )

## MEMORANDUM AND ORDER

     This matter is before the court on the following motions:

        1. Boeing's Motion to Compel (Doc. 488);

        2. Boeing and Ducommun's Motions to Strike Expert Testimony (Doc.520/523);

        3. Relators' Motion to Compel (Doc. 541);

        4. Relators' Motion for Sanctions (Doc. 557); and

        5. Boeing's Motion to File Supplemental Brief (Doc. 578).

The rulings are set forth below.

**Background**

Plaintiffs/Relators are or were Boeing employees assigned to investigate the manufacturing activities of Ducommun, a Boeing component parts supplier. Highly summarized, relators allege that they discovered serious defects in the manufacturing and quality control functions at Ducommun. Relators contend that these defects resulted in the delivery, over a period of years, of unapproved, bogus, and/or nonconforming parts by Ducommun to Boeing (defendants herein). These unapproved parts were installed by Boeing into aircraft which were then sold to the United States. Relators seek to recover damages, civil penalties and other relief based on the defendants' submission of false payment claims to the United States in violation of the Civil False Claims Act ("FCA"), 31 U.S.C. 3729, *et seq.*

**Boeing's Motion to Compel (Doc. 488)**

The genesis of Boeing's motion to compel is a recent inquiry from *Al Jazeera*, a foreign news network, concerning a sworn declaration by a technical advisor for the Federal Aviation Administration (FAA) and allegations related to this qui tam lawsuit. Because the sworn declaration had not been publicly disclosed, Boeing concluded that relators provided the document and other information to *Al Jazeera*.

Boeing moves to compel the production of various documents and information from relators, arguing that this court previously ordered relators to produce "communications" between relators and the media but that "relators still refuse to turn over responsive

documents and information."[1]  Boeing also argues that relators' response to two production requests and an interrogatory are incomplete and/or have not been supplemented as required by Fed. R. Civ. P. 26(e)(1).  Relators contend that they have complied with the court's previous order and that discovery of counsels' contacts with the media is improper.  The parties' arguments are discussed in greater detail below.

**Production Request No. 13**

The motion before the court is an extension of earlier discovery disputes and rulings by this court.  Memorandum and Order, Doc. 217, filed June 17, 2008 (granting in part and denying in part Boeing's motion to compel).  The June 2008 opinion addressed a number of production requests and interrogatories and this motion concerns relators' compliance with that order compelling relators to produce documents responsive to Production Request No. 13.  That request asked for:

> All documents that you provided to any person or entity engaged in journalism, whether newspaper, magazine, website, radio or television, referring or relating to any matter alleged in the complaint.

Relators did not seek review or otherwise appeal the June 17, 2008 Memorandum and Order.

Relators concede that (1) one of their attorneys, William J. Skepnek, provided an independent news film producer with a copy of the FAA declaration and the deposition

---

[1] The term "communications" includes oral conversations as well as documents. Relators correctly point out that this court's previous order merely granted Boeing's request for the production of certain documents.

testimony of the FAA technical advisor and (2) they did not supplement their response to Production Request No. 13.[2] Notwithstanding these concessions, relators argue that they have not violated the court's June 2008 order because Mr. Skepnek considered the declaration and deposition testimony "to be *testimony* as opposed to documents."  <u>Skepnek Declaration</u>, Doc. 497-1, p.2. paragraph 12 (emphasis added).  This is summarily rejected because it is an absurd argument.  The written declaration and deposition transcript sent by Skepnek to the film producer are "documents."[3]

Relators' suggestion that they have no obligation to supplement their response to Production Request No. 13 is also summarily rejected.  Fed. R. Civ. P. 26(e) imposes a duty to supplement discovery responses.  To prevent future controversies concerning the duty to supplement, the court will establish a timetable in a later order for supplementation of discovery responses pursuant to Rule 26(e)(1)((B).

Boeing also argues that relators have failed to produce (1) a statement provided to

---

[2] The producer in turn provided the declaration to Al Jazeera.

[3] Mr. Skepnek's declaration also contains a virtually unintelligible explanation of his interpretation of Production Request No. 13.  Production Request No. 13 is clear and unambiguous and any suggestion to the contrary is rejected.

Relators also argue in a supplemental brief (Doc. 545, p. 2) that there is a difference between (1) ***providing an opportunity to view*** certain documents and (2) ***providing a copy*** of the documents for the individual ***to keep*** and Mr. Skepnek is no longer able to distinguish between the two groups.  The court is not persuaded that relators' narrow interpretation of the term "provided" is a reasonable reading of Production Request No. 13.  More importantly, relators' utilization of creative definitions and interpretations suggests a willful effort to violate the court's order to produce documents responsive to Production Request No. 13.  This borders on litigation gamesmanship for which the court has no patience.

Sheila Kaplan, a producer for *Dan Rather Reports* in 2007 and (2) Boeing videotapes and other documents relators recently provided to Al Jazeera.[4] Relators explain that they did not keep a log of the documents provided to journalists and it is impossible to do so now.

The assertion by relators and their counsel that they do not know what documents have been provided to journalists is not credible. For example, making and providing copies of videotapes for a journalist require an expenditure of effort and resources that would not be "forgotten" when responding to Production Request No. 13. Equally important, a number of documents were provided to journalists and Al Jazeera ***while this motion was being briefed.***[5] The suggestion that relators and their counsel do not remember what documents were provided to journalists during the briefing of this motion is disingenuous and borders on bad faith. Finally, relators offer no evidence of any effort to supplement their response to Production Request No. 13.

**Interrogatory No. 3 and Production Request No. 12**

In addition to requesting compliance with the court's June 2008 ruling, Boeing moves

---

[4] Relators' response brief was filed November 2, 2010 and Boeing's reply was filed November 12, 2010. On December 15, 2010, Boeing learned that Al Jazeera had various videotapes, discovery documents, and a copy of a ***November 2010*** letter from DOJ attorneys to relators.

[5] Boeing discovered through a Freedom of Information request to the DOJ that Al Jazeera claimed to have seen a ***November 11, 2010*** DOJ letter addressed to relators. Relators do not deny providing the November 11, 2010 letter to Al Jazeera.

to compel relators to supplement their earlier responses to Interrogatory No. 3 and Production Request No. 12. Interrogatory No. 3 ask relators to

> [i]dentify and describe in detail all communications with any person or entity, ***other than*** employees of Boeing, Spirit, Ducommun and ***the United States Government***, but including any person engaged in journalism, referring or relating to any of the matters alleged in the Complaint, including identifying the person(s) involved, the date of communication, and the substance of each communication. (Emphasis added).

Relators asserted no objections to the interrogatory and listed the names of reporters and briefly described what they could recall about the conversations. The interrogatory answer did not describe any communications with the media by their counsel or anyone else acting on their behalf and Boeing did not move to compel a more complete response in 2008 when relators answered the interrogatory.

Production Request No. 12 asks for

> All documents that refer or relate to communications between you and ***any person engaged in journalism***, whether newspaper, magazine, website, radio, or television, referring or relating to any matter alleged in the complaint. (Emphasis added).

Again, Boeing did not move to compel responses to Production Request No. 12 in 2008 when relators responded to the production request.

The dispute concerning relators' supplementation of the answers to Interrogatory No. 3 and Production Request No. 12 focuses on whether or not relators should be required to include recent communications that Relators' ***counsel*** has had with members of the media. For the reasons set forth below, the court will not require supplemental response that include

-6-

counsel's communications with the news media.

Fed. R. Civ. P. 26(b)(2)(C) authorizes the court "on its own" to limit the frequency or extent of discovery otherwise allowed by the rules of civil procedure if: (1) the party seeking discovery has had ample opportunity to obtain the information by discovery or (2) the burden or expense of the proposed discovery outweighs the benefit, considering the needs of the case. This case was filed in 2005 and the parties have engaged in extensive discovery. In 2008 the court granted Boeing's motion to compel production of reports that relators' experts had provided to the Washington Post, finding the information relevant to manufacturing and safety issues mentioned in the complaint. After that ruling, Boeing has had ample opportunity to obtain discovery concerning manufacturing and safety issues.

Equally important, the burden of requiring counsel for a party to provide detailed reports concerning conversations with reporters in 2009 and 2010 outweighs the benefits, considering the needs *of this case at this stage of the lawsuit.* Counsels' comments about the case to journalists are not evidence and, in this instance, the request for opposing counsels' "communications" appears designed to discourage any contact with the media. The court will not permit the discovery process to be utilized as a tool to burden opposing counsel. Under the circumstances, Boeing's motion to compel relators to supplement their disclosures to include detailed information concerning *counsels'* contacts with the news

media shall be denied.[6]

The parties' briefs and supplemental briefs devolve into arguments over (1) the production of information which relators provided to the United States Department of Justice, (2) the application of a claimed "joint prosecution privilege," and (3) whether that privilege has been waived. Relators are obligated to produce any documents which they provided to journalists because documents shown to journalists would not retain any form of privilege.

**IT IS THEREFORE ORDERED** that Boeing's motion to compel **(Doc. 488)** is **GRANTED IN PART** and **DENIED IN PART.** Relators shall supplement their response to Production Request No. 13 on or before **August 5, 2011.** Boeing's request that relators' counsel provide a detailed log of any oral communications with journalists or news media is **DENIED.**

### Boeing and Ducommun's Motion to Strike (Doc. 520 and 523)

Boeing and Ducommun move to strike the expert reports and anticipated testimony of Frank L. Ellis and Delvin L. Fogg, two of relators' retained expert witness. Defendants argue that Mr. Ellis and Mr. Fogg's anticipated testimony (1) improperly vouches for the credibility of other expert witnesses in violation of Fed. R. Evid. 702 and (2) is needlessly cumulative and unfairly prejudicial under Rule 403. Defendants request an evidentiary

---

[6] Discovery of communications with the news media raises a wide spectrum of issues, many of which have only been discussed superficially in the briefs. Discovery of such communications must be addressed on a case-by-case basis and the rulings herein are limited to the particular circumstances of the case and stage of discovery.

ruling at this time to avoid deposing the two witnesses but also reserve their right to assert subsequent challenges to expert testimony in this case.

The motions to strike represent piecemeal challenges to the admissibility of relators' expert testimony which the court declines to entertain at this stage of the lawsuit. Motions in limine concerning experts and their qualifications will be addressed after the final pretrial order is filed and prior to trial.

**IT IS THEREFORE ORDERED** that Boeing and Ducommun's motions to strike **(Doc. 520 & 523)** are **DENIED WITHOUT PREJUDICE.**

### Relators' Motion to Compel (Doc. 541)

Relators move to compel Boeing to provide full and complete responses to certain production requests contained in relators' seventh set of production requests. Specifically, relators seek additional documents responsive to Production Request Nos. 18 and 21 through 26. Request No. 18 seeks the revised application submitted by Boeing to the FAA for Production Certificate 700, dated November 7, 1997. Boeing contends that it has located and produced the 1997 production certificate; therefore, the request to compel Production Request No. 18 is moot.[7]

---

[7] Relators allege that Boeing asserted boilerplate objections that the requests are over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence when initially responding to the requests and that these objections should be stricken. Because Boeing does not assert these objections in response to Relators' motion, the court deems the boilerplate objections abandoned.

Production Request Nos. 21 through 26 seek "Boeing technical data ***for the subject aircraft supplied to the FAA*** to prove compliance" with various federal regulations. (Emphasis added). Boeing claims that it has provided the documents in its possession responsive to the production requests; however, one of relators' experts contends that Boeing has withheld documents. Boeing contends that the expert is mistaken and that Boeing has not withheld documents responsive to Production Request Nos. 21 through 26.

Production Request Nos. 21 through 26 are very specific and Boeing has represented to the court and counsel that it has produced the documents in its possession responsive to the production requests and that it has not withheld documents. Boeing is bound by its representations and the court will not enter an order compelling production of documents that a party represents do not exist.

The parties' briefs also discuss areas of document production beyond the production requests specified in relators' motion to compel.[8] The court declines this invitation to referee relators' changing requests for relief. The areas of ongoing discussion and production are extremely technical and are not suitable for general or piecemeal rulings.

**IT IS THEREFORE ORDERED** that relators' motion to compel more complete production **(Doc. 541)** is **DENIED.** Boeing is bound by its representation that all documents responsive to Production Request Nos. 18 and 21 through 26 have been produced and it is not withholding any documents.

---

[8] Relators concede in their reply brief that they seek to expand the scope of relief requested. (Doc. 560, p. 1).

-10-

**Relators' Motion for Sanctions (Doc. 557)**

Relators move for discovery sanctions, arguing that Boeing belatedly produced 900 pages of documents related to a "Fuselage Fatigue Test" that spanned 1996-2000. Specifically, relators seek an order (1) precluding Boeing or Ducommun from utilizing the test documents or (2) requiring Boeing to pay for all additional discovery related to these documents. As explained in greater detail below, the motion shall be DENIED.

Relators argue that sanctions are warranted because Boeing produced certain fatigue test documents in February and March 2011 that should have been produced in Boeing's Rule 26(a) initial disclosures. The court does not agree. Contrary to relators' assertions, the significance or relevance of the fatigue test documents to Boeing's defense was not apparent from relators' second amended complaint (Doc. 70-1, filed March 14, 2006). Instead, the significance of the documents became apparent only when relators provided an expert witness report on December 22, 2010 which criticized Boeing for not producing certain test results. When Boeing's counsel asked its engineers why the tests were not undertaken, they were advised that such tests were conducted and were available.

Equally important, Boeing provided relators an opportunity in 2008 to review an index of its technical library and select the documents which they wanted produced in their entirety.[9] The titles included references to fuselage fatigue test summaries and conclusions.

---

[9] The index was created from search terms provided by relators.

Relators selected certain stress and fatigue reports but not others. If the significance of the fatigue documents were as obvious from the second amended complaint as claimed by relators, they should have asked that all of the fatigue tests documents listed in the index be produced in 2008. Boeing's supplementation of its Rule 26(a) disclosures in 2011 does not warrant the imposition of sanctions.

Relators also argue that Boeing failed to produce the documents in response to earlier production requests or interrogatories. The court has carefully reviewed the various discovery requests which are qualified with various statements such as: "for parts listed in Exhibit A" or "the subject aircraft." The discovery requests were not sufficiently articulated to gather the information which relators now contend was "obvious." Moreover, as noted above, Boeing provided relators with an index that made the requested documents "available for inspection." Under the circumstances, relators' motion for sanctions shall be denied.

**IT IS THEREFORE ORDERED** that relators' motion for sanctions **(Doc. 557)** is **DENIED.**

**IT IS FURTHER ORDERED** that Boeing's motion to file a surreply **(Doc. 578)** is **GRANTED** and the proposed surreply attached to Boeing's motion has been considered by the court.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts

or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of July 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge