IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA *ex rel*.
TAYLOR SMITH, JEANNINE
PREWITT, AND JAMES AILES,,

        Plaintiffs and Relators,

        vs.                       Case No. 05-1073-JTM

THE BOEING COMPANY AND DUCOMMUN,
INC., F/K/A AHF-DUCOMMUN,

        Defendants.


MEMORANDUM AND ORDER

This matter is before the court on the motion of the Defendants for the taxation of costs under D.Kan.R. 54.1. (Dkt. 777). Defendant Boeing seeks $82,506.32 and Defendant Ducommun seeks $58,872.48 from the three Relators who commenced this qui tam action under the False Claims Act. After extensive discovery and argument, the court granted summary judgment in favor of Boeing and Ducommun. (Dkt. 756). This decision was subsequently affirmed by the Tenth Circuit. (Dkt. 763).

Rule 54(d)(1) provides in part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." This rule creates a presumption that the district court will award costs

to the prevailing party. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "Thus the established rule is that costs are generally awarded to the prevailing party. The burden is on the non-prevailing party to overcome this presumption." *Id.*

"When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial." *Rodriguez*, 360 F.3d at 1190. The reasons for denying costs cited by various courts include: the party was only partially successful; the prevailing party acted obstructively or in bad faith during the litigation; the damages were only nominal; the non-prevailing party is indigent; the costs are unreasonably high or unnecessary; the prevailing party's costs are insignificant; and the issues are close and difficult. *See Rowe v. DPI Specialty Foods, Inc.*, 2016 WL 1595358, *3 (D. Utah Apr. 20, 2016) (citing *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995)).

The Relators do not dispute this presumption, and in fact "acknowledge that a vast majority of case law in this jurisdiction would allow the Defendants to recover the entirety of their requests but for the Court's discretion to do equity." (Dkt. 784, at 4). Specifically, the Relators stress their limited financial resources, the relatively greater resources of the corporate Defendants, encouraging future FCA actions by other plaintiffs, and that the case was close and difficult.

As to the latter point, the Relators claim that the court "found [that] because FAA appeared to come down on Boeing's side ... the Court was bound to FAA's support of Boeing's interpretation of engineering drawings, even though that interpretation was no

more than 'plausible.'" *Id.* at 8.

This argument is similar to one advanced by the Relators in their appeal, complaining that the district court had abdicated its judicial function in deferring to the FAA. This argument was directly rejected by the Tenth Circuit, which stated "we see nothing in the district court's opinion indicating the court believed Boeing was somehow insulated from judicial review." The Tenth Circuit noted that Judge Belot's careful discussion of the issues relating scienter disproved any suggestion that the court abandoned its judgment to the FAA.

Nor did the district court grant summary judgment simply because it agreed the Defendants' interpretation of the statistical tolerance requirement was plausible, as suggested by the Relators. Rather, the court granted the Defendants summary judgment, finding a failure of proof as to an essential element of the Relators' claim of fraud:

> Considering all of the circumstances, including the fact that the responsible government agency believes these parts conform to regulatory requirements, relators have failed to show a genuine issue of material fact on their claim that Boeing knowingly and falsely certified compliance with the FAA regulations.

(Dkt. 765, at 5).

The failure of proof as to the vital element of scienter — either an intent to defraud or recklessness as to truthfulness — was reemphasized by the Tenth Circuit, which observed that "the relators present no evidence that anyone at Boeing knew the Ducommun parts didn't comply with FAA regulations." (Dkt. 763, at 20). And again:  "The relators' naked assertions, devoid of any evidence of scienter, can't survive summary judgment."

3

(*Id*.)  Ultimately, according to the Tenth Circuit, "there are simply no facts in the record supporting the relators' contention that Boeing knew about the nonconformities when submitting the claims for payment." (*Id*. at 21).

The failure of proof establishes that the Defendants were ultimately the prevailing parties. But the history of the case presents a sound basis for determining that the issues were indeed close and difficult. For purposes of awarding costs under Rule 54, "[t]he closeness of a case is not judged by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White, Inc. v. American Hosp. Supply*, 786 F.2d 728, 730 (6th Cir. 1986). *See also United States ex rel. Pickens v. GLR Constructors*, 196 F.R.D. 69, 76 (S.D.Ohio 2000) (finding case "close and difficult" where it "involved complex legal and factual issues requiring protracted litigation over a five-year period," and noting the "voluminous factual evidence" presented at trial).

The court finds that the relative resources of the Relators and Defendants does not warrant denial of costs.

> Reliance on the parties' comparative economic power [by the district court was] error. Such a factor would almost always favor an individual plaintiff ... over her employer defendant. Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

*Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir.1999). *See Johnson v. Oklahoma ex*

*rel. Univ. of Oklahoma Bd. of Regents*, 2000 WL 1114194, *3 (10th Cir. Aug. 7, 2000) (quoting *Cherry*).

Similarly, the court believes that the alleged chilling effect of an award of costs does not support a denial of the Defendants' motion. In *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161 (10th Cir. 2009), the court rejected the claim that costs were precluded in a qui tam action by the potential disincentive it would cause other relators in other actions. "Otherwise, it would effectively legislate a per se rule preventing prevailing FCA defendants from recovering costs, since [the relator's] policy-based argument would be equally applicable in every FCA case." *Id*. at 1172. The Tenth Circuit reached a similar conclusion in *Johnson*, where the plaintiff argued against awarding costs in civil rights cases, because such awards might chill future claims. The court held that the traditional presumption of an award of costs is applicable, even in cases otherwise favored by the courts. 2000 WL 1114194 at *3 (citing *Mitchell v. City of Moore*, 2000 WL 954930, at *11 (10th Cir. July 11, 2000)).

In support of their argument that the court should approve an award of costs notwithstanding the Relators' indigence, the Defendants cite the decisions of this court in *Peterson v. Exide Techs.*, No. 09-4122-SAC, 2012 WL 3245469, at *2 (D. Kan. Aug. 9, 2012), and *Wilkins v. K-Mart Corp.* 2009 WL 331620 (D. Kan. Feb. 10, 2009). But *Peterson* merely cites *Johnson* for the principle that "a district court does not abuse its discretion by awarding costs against an indigent party," and indigency "is not a controlling factor." 2012 WL 3245469 at *2. *Wilkins* reached the same conclusion. 2009 WL 331620, at *1 ("even if the

5

non-prevailing party is indigent, a district court does not abuse its discretion in awarding costs when there is no apparent reason to penalize the prevailing party"). Neither case holds that the court must or should ignore evidence of a plaintiff's indigence. And, indeed, the Tenth Circuit has held that one of the reasons which a court may consider in declining to award costs is that "the nonprevailing party was indigent." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir.1995) (citing *Burroughs v. Hills*, 741 F .2d 1525, 1542 (7th Cir.1984), cert. denied, 471 U.S. 1099 (1985)).

Further, in both cases cited by Defendants, the court noted that the evidence of indigence was questionable. In *Wilkins*, the court stressed that a plaintiff claiming indigence as a counter to the presumption in favor of costs must present "sufficient documentation for the court to find that the party is incapable of paying the court-imposed costs at this time or in the future," which "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses.'" 2009 WL 331620, at *2 (quoting *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898, 902 (D.Kan.2007) (other internal quotations omitted). The plaintiff in *Wilkins* failed to rebut this presumption by relying on his affidavit in support of *in forma pauperis* status, which was then 18 months old. "Current documentary evidence on which the court can reasonably rely is not too much to expect from a party for this threshold showing of indigence." *Id.* There was a similar failure of proof in *Peterson.* 2012 WL 3245469, at *2 ("Plaintiff has presented no supporting documentation to show that he is currently indigent, and his declaration in support of his IFP motion is over 17 months old."

In contrast to both decisions, the Defendants in the present action do not challenge the Relators' claims of indigence. *See* Dkt. 784, at 4 ("Boeing is sympathetic to relators' apparent financial and health issues"). The court has reviewed the affidavits submitted by the three Relators, and concludes that they have demonstrated they are substantially indigent. All of the Relators have substantial debts. One Relator is elderly, in poor health, and on a fixed income. Another is a single parent with no house, no cash, and supporting several children. The third is also in poor health and has a total permanent disability rating.

Some district courts in the Tenth Circuit have cautioned against denying costs based solely upon the plaintiff's indigence. *See James v. Frank's Westates Servs., Inc.*, 2011 WL 5403421, at *2 (D. Utah Nov. 4, 2011) ("the Tenth Circuit has never held that indigence alone is sufficient to warrant denying costs to a prevailing Defendant"); *Mundell v. Bd. of County Comm'rs*, 2007 WL 1061510 (D.Colo. Apr. 5, 2007) ("Although indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1)"); *Jorgensen v. Montgomery*, 2009 WL 1537958, *2 (D. Col. May 31, 2009) ("The fact that Congress [in Rule 54(d)] directed that indigent litigants will generally be liable for costs 'as in other proceedings' strongly suggests that Congress does not consider indigence, alone, to be particularly strong cause for refusing to award costs").

However, the Tenth Circuit itself has never addressed whether indigence *alone* may justify denial of costs. In *Sandie v. Principi*, 201 Fed. Appx. 579, 583 (10th Cir. 2006) the court observed that it was not an abuse of discretion for a district court to award costs "simply

because the non-prevailing parties were indigent." *See also Rodriguez v. Whiting Farms*, 360 F.3d 1180, 1190-91 (10th Cir. 2004). But the court has not indicated whether indigence by itself warrants denial of costs. *Cf. McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (upholding award of costs where plaintiff failed to prove indigence and "because we are unwilling to adopt a per se rule that indigency alone overcomes the presumption").

However, the court need not decide whether indigency alone would warrant a denial of costs. The court finds in its discretion that the undisputed indigence of the Relators, coupled with the close and difficult nature of the issues in the case, warrant denial of the Defendants' motion for costs.

IT IS ACCORDINGLY ORDERED this 2nd day of December, 2016, that the Defendants' Motion for Taxation (Dkt. 771) is hereby denied.

    s/ J. Thomas Marten    
J. THOMAS MARTEN, JUDGE